### 44424. DOUGLAS COUNTY v. ABERCROMBIE.

Deen, Judge. 1. (a) "An election of remedies is defined as the choosing between two or more different and co-existent modes of procedure and relief allowed by law on the same state of facts." *Curry v. Washington Nat. Ins. Co.,* 56 Ga. App. 809 (194 SE 825). "Laws looking only to the remedy . . . may apply to . . . rights . . . entered into or accrued or committed prior to their passage." *Code* § 102-104. Almost by definition, the doctrine of election of remedies is procedural and remedial in nature. As against

a demurrer or plea urging that a litigant has chosen a prior inconsistent remedy, the law in effect at the time the order is entered up must be applied. *Cohen v. Garland,* 119 Ga. App. 333 (167 SE2d 599) ; *Bacon v. Winter,* 118 Ga. App. 358 (163 SE2d 890). At the time the order denying defendant's motion for summary judgment based on this ground was entered, *Code* § 3-114 had been amended by Ga. L. 1967, pp. 226, 247 to read: "A plaintiff may pursue any number of consistent or inconsistent remedies against the same person or different persons until he shall obtain a satisfaction from some of them."

(b) The present suit is an action against Douglas County seeking damages for the silting of a lake resulting from the building of a highway on the ground that the property was taken or damaged without just and adequate compensation being first paid. To the defendant's motion for summary judgment is attached the decision in *Abercrombie v. Ledbetter-Johnson Co.,* 116 Ga. App. 376 (157 SE2d 493) where the plaintiff's petition based on the same fact situation, and filed in tort against the contractor employed by Douglas County to build the road, was held subject to general demurrer. In that case (p. 378) the court held: "While such facts may afford a cause of action against a proper party for the taking or damaging of property for public purposes without just and adequate compensation, with or without negligence, as provided for in the Constitution (*Code Ann.* §§ 2-103, 2-301), they do not, in the absence of negligence, support a cause of action against a contractor engaged in public work." We find Douglas County to be a proper party, and the petition and facts stipulated sufficient to make a jury question as to the cause and amount, if any, of the damage. The former suit against the contractor, held not to state a cause of action, does not bar the present proceeding.

2. By supplemental brief the defendant who brought the case to this court now seeks to contend that *Code* § 3-114 as amended is unconstitutional as a usurpation by the legislature of judicial power. The question was not raised in the trial court, and we have no jurisdiction to pass upon it in this court.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*

SUBMITTED APRIL 9, 1969—DECIDED MAY 1, 1969—
REHEARING DENIED MAY 20, 1969—

*Arthur K. Bolton, Attorney General, Richard L. Chambers, Assistant Attorney General, E. J. Summerour, Deputy Assistant Attorney General,* for appellant.

*Noland & Coney, John L. Coney,* for appellee.