25570. DOUGLAS COUNTY v. ABERCROMBIE et al.

ARGUED DECEMBER 9, 1969—DECIDED JANUARY 8, 1970.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Richard L. Chambers, John A. Sligh, Assistant Attorneys General, E. J. Summerour, Deputy Assistant Attorney General, Jim Dollar*, for appellant.

*Noland & Coney, John L. Coney, Edgar Neely, Jr.*, for appellees.

ALMAND, Chief Justice. This appeal is from an order overruling a motion of the appellant to dismiss the complaint of the appellees. Jurisdiction of the appeal is asserted to be in this court because it attacks a statute of this State as in violation of a provision of the State Constitution.

In July, 1966, Abercrombie, the appellee, brought his complaint against Douglas County, the appellant, wherein he sought to recover a stated sum of money as compensation for the damage to his real property by reason of the construction of a highway adjacent to his tract of land.

The appellant filed a motion for a summary judgment on the ground that the appellee had filed a suit in Floyd Superior Court against Ledbetter Johnson Company in tort upon the same factual grounds as claimed in the instant suit and the dismissal of said suit was affirmed by the Court of Appeals (*Aber-*

*crombie v. Ledbetter Johnson Co.*, 116 Ga. App. 376 (157 SE2d 493)), and that the present action could not be maintained because it was inconsistent with the prior action, citing *Code* § 3-114 ("A plaintiff may pursue any number of consistent concurrent remedies against different persons until he shall obtain a satisfaction from some of them.")  This motion for a summary judgment was denied and on appeal was affirmed, 119 Ga. App. 727 (1a) (168 SE2d 870).  It held: " 'An election of remedies is defined as the choosing between two or more different and coexistent modes of procedure and relief allowed by law on the same state of facts.' *Curry v. Washington Nat. Ins. Co.*, 56 Ga. App. 809 (194 SE 825).  'Laws looking only to the remedy . . . may apply to . . . rights . . . entered into or accrued or committed prior to their passage.' *Code* § 102-104.  Almost by definition, the doctrine of election of remediees is procedural and remedial in nature.  As against a demurrer or plea urging that a litigant has chosen a prior inconsistent remedy, the law in effect at the time the order is entered up must be applied. *Cohen v. Garland*, 119 Ga. App. 333 (167 SE2d 599) ; *Bacon v. Winter*, 118 Ga. App. 358 (163 SE2d 890).  At the time the order denying defendant's motion for summary judgment based on this ground was entered, *Code* § 3-114 had been amended by Ga. L. 1967, pp. 226, 247 to read: 'A plaintiff may pursue any number of consistent or inconsistent remedies against the same person or different persons until he shall obtain a satisfaction from some of them.' "  It was further said: "By supplemental brief the defendant who brought the case to this court now seeks to contend that *Code* § 2-114 as amended is unconstitutional as a usurpation by the legislature of judicial power.  The question was not raised in the trial court, and we have no jurisdiction to pass upon it in this court."  Hn. 2.

On the return of the case to the trial court the appellant filed a motion to dismiss the complaint on the ground that Ga. L. 1967, pp. 226, 247 ("A plaintiff may pursue any member of consistent or *inconsistent* remedies against *the same person* or different persons until he shall obtain a satisfaction from some of them") is void because violative of Art. I, Sec. I, Par. XXIII of the State Constitution (*Code Ann.* § 2-123) in that the Act of

1967 "was an unconstitutional effort by the General Assembly of Georgia to repeal a decision of the Supreme Court of Georgia, Equitable Life Assurance Society v. Georgia (82 Ga. 655) from which old Code Section 3-114 was taken." On a hearing, the court overruled a motion to dismiss and certified that its order was subject to direct appeal. Appellant in its brief states that the sole issue is: "Is new Code Section 3-114, as the same appears in the 1968 Supplement to Georgia Annotated, and being a provision of Georgia Laws 1967, pp. 226, 247, and as hereinbefore quoted, unconstitutional, null and void because it violates Article I, Section I, Paragraph XXIII of the Constitution of Georgia, Code Annotated Section 2-123, in that said enactment undertakes to repeal old Code Section 3-114, as the same appears in the main part of Georgia Code Annotated, and for the reason that old Code Section 3-114 is a codification of a decision of this court, as hereinbefore pointed out?"

The main thrust of appellant's argument is that since *Code* § 3-114 was a codification of a principle of law enunciated by this court, for the General Assembly to modify or extend the remedial right given therein to the plaintiff, amounts to the legislature's exercising judicial functions in violation of the cited provision of the State Constitution. In other words, is a codification of a rule of law based on a decision of this court to remain as statute law subject to modification or change only by the Supreme Court?

This indeed is a novel contention. Whether this contention is ingenious or ingenuous we need not determine. After a search and research we have not found any authorities which hold that once a principle of law announced by this court is enacted by the legislature as a statute, such statute is thereafter as immutable as the law of the Medes and Persians.

Article XII, Section I, Paragraph III (*Code Ann.* § 2-8003) provides that all laws of force in this State not inconsistent with the 1945 Constitution shall remain of force until they are modified or repealed by the General Assembly.

Where there is a conflict between a decision of this court and a State statute, the statute controls. *Huguley v. Huguley*, 204 Ga. 692, 698 (51 SE2d 445); *Ledford v. State*, 107 Ga. App. 244, 248 (129 SE2d 555).

We have examined the cases cited by the appellant (*Atlanta & W. P. R. Co. v. Wise*, 190 Ga. 254 (9 SE2d 63), and *Calhoun v. State Hwy. Dept.*, 223 Ga. 65 (153 SE2d 418)), and find that they do not deal with the exact question here at issue.

It was not error to overrule the motion to dismiss.

*Judgment affirmed. All the Justices concur.*