45178. D. H. OVERMYER COMPANY, INC.
v. KAPPLIN.

ARGUED APRIL 13, 1970—DECIDED MAY 20, 1970—
REHEARING DENIED JUNE 16, 1970.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Hoke Smith, H. A. Stephens, Jr.,* for appellant.

*Birnbrey, Kresses & Gold, Sid M. Kresses,* for appellee.

DEEN, Judge. 1. Error is enumerated on the refusal of the trial court to force the plaintiff to elect between Counts 1 and 2. "The right of a plaintiff to try his case on alternate theories has uniformly been upheld in the federal courts and plaintiff cannot be required to elect upon which theory to proceed." Breeding v. Massey, 378 F2d 171, 178. *Code Ann.* § 81A-108 (e) (2) allows inconsistent, hypothetical and alternative claims in pleading, and is to be construed like its Federal counterpart 8(e) (2)..*Cohen v. Garland,* 119 Ga. App. 333 (3) (167 SE2d 599). Inconsistent remedies may be pursued until satisfaction is obtained. *Bacon v. Winter,* 118 Ga. App. 358 (3) (163 SE2d 890). This means after, not before, verdict.

2. Count 2 was not subject to dismissal or the verdict subject to be set aside on the theory that the plaintiff, if he was entitled to a recovery, was entitled under the theory of express rather than implied contract. The commissions as figured by the Atlanta Real Estate Board schedule were made a part of the lease contract drawn up for Atlanta Crown but this contract was never consummated. Further, any oral agreement between the owner and broker to pay at this rate was obviously executory and in contemplation of merger of this provision in the written tripartite lease agreement. Sidestepping entirely the question of whether under the new pleading rules evidence admitted without objection and proving an express contract would, as it formerly did, nullify a recovery on quantum meruit, Count 2 of this action was based on the reasonable value of plaintiff's actual services in obtaining a

party ready, willing and able to lease the premises but who did not in fact lease the premises due to the fact that defendant used plaintiff's efforts to raise the rent on a current tenant and thereby refused to accept the one offered. A quantum meruit verdict is supported by the evidence.

*Judgment affirmed. Hall, P. J., and Evans, J., concur.*