45437. G. E. C. CORPORATION v. SOUTHERN FABRICATORS, INC.

Submitted July 9, 1970—Decided September 15, 1970.

*Crespi & Milam, Joseph S. Crespi, Clifford W. Milam,* for appellant.

*Dennis & Fain, Robert E. Corry, Jr.,* for appellee.

Deen, Judge. ■ The notice of appeal includes as a part of the record on appeal the "brief of evidence, omitting all exhibits."

After the record, including the brief of evidence, was filed in this court, a supplementary record containing 150 pages of documentary evidence was sent up by order of the trial court for the stated reason that "*Code* § 6-805 (d) provides that the transcript on appeal shall contain copies or summaries of all documentary evidence." Appellant moved that this court disregard the additional material as irrelevant and that the costs of transcribing same, which cost the appellant the added sum of $51, be taxed against the appellee.

(a) Rule 10 of this court, implementing *Code Ann.* § 6-809 (b) provides for motions in this court for diminution of record where either party objects, or where this court wishes to require that additional portions of the record or transcript of proceedings be sent up. This is a procedure which fully protects both parties and this court in providing a full record before this court. However, under *Code Ann.* § 6-805 (f) if any material matter is omitted from the record on appeal the trial judge of his own initiative may direct that the omission shall be corrected, either before or after the case is docketed here. The trial judge, then, had jurisdiction on his own initiative to order omitted material sent to this court. That the transcript of evidence when brought here in a proper manner is a part of the "record on appeal," whether or not it is technically a part of the "record" in the trial court, see *Code Ann.* § 6-802; *Wright v. Roseman,* 209 Ga. 176 (6) (71 SE2d 426); *Cornett v. Justice,* 209 Ga. 375 (72 SE2d 724); *Giles v. Peachtree Pantries, Inc.,* 209 Ga. 536 (74 SE2d 545); *Adams v. Morgan,* 114 Ga. App. 180 (2) (150 SE2d 556). The statute allows the trial court to retain some control over the record on appeal where in his opinion the appellate court could not properly understand or pass on his rulings unless it had before it material omitted from the appeal in the first instance but deemed necessary to a decision on the points of error raised by the litigants. Except for this circumstance, it would appear better practice for the party who feels that additional record is needed to file his objections under Rule 10 of this court.

(b) We do not, however, believe that a proper construction of *Code Ann.* § 6-805 (d) necessitates the sending up of all documentary evidence in all cases on appeal where none of the litigants

feel such evidence is necessary in this court in passing on the enumerations of error. In addition to *Code Ann.* § 6-805 (f) above referred to, *Code Ann.* § 6-803 makes provision for the appellee in a cross appeal to designate "any portions of the . . . transcript designated for omission by the appellant and which the appellee desires included." The statement to which the trial court apparently referred in *Code Ann.* § 6-805 (d) (all such matter "shall be reported, and where the report is transcribed, all such matter shall be included in the written transcript, it being the intention of this law that all these matters appear in the record, rather than in the assignments of error on appeal or otherwise which are abolished by this law") does not require *all* matter to be forwarded to this court, but only that all matter so forwarded shall be a part of the transcript rather than, as was formerly permissible, included as an exhibit to the bill of exceptions or assignments of error.

(c) The motion to assess against the appellee the additional costs of the reporter in preparing the documentary evidence is denied.

■ Defendant filed a motion to dismiss the plaintiff's action on the ground that plaintiff had failed to file an intangible tax return on the account receivable sued upon and therefore under *Code Ann.* § 92-125 provides that "wilful failure to list . . . shall be a bar to any action upon the same in any court and may be pleaded as a complete defense." The movant neither alleged nor proved that the failure to file the tax return was wilful, nor did it in point of fact introduce any evidence that such return had not been in fact filed and the account receivable listed therein. The burden is always upon one alleging a state of fact to prima facie establish the proof of his allegations. The motion as drawn showed no reason for abating the action, nor was it supported by any evidence; accordingly, the trial court properly denied it.

■ Appellant complains of certain instructions of the court treating the action as one based on contract when it contends a recovery could be predicated on quantum meruit only. The court charged that the plaintiff "brings this action in this court on a contract" and that "if you find that the plaintiff is entitled to recover you will then, in measuring the damages, determine from all of the testimony the amount of the damages at the time of the

breach of said alleged contract." The allegation of the petition that on a given date "plaintiff at the request of the defendant G. E. C. Corporation performed certain work, labor and services and furnished certain steel materials" etc., and that by reason thereof "defendant agreed to and became obligated to pay plaintiff the sum of $32,507.49" sufficiently authorizes an instruction that the plaintiff is suing on a contract. Plaintiff also alleged that $32,507.49 "was the reasonable worth and value of the services performed and material furnished," thus providing a pleaded basis for a quantum meruit recovery. Under present practice a plaintiff is not required to elect upon which theory of recovery he will proceed. *D. H. Overmyer Co., Inc. v. Kapplin,* 122 Ga. App. 51 (176 SE2d 207). The evidence largely preponderated to the theory that defendant's president had an agreement with the plaintiff's agent to furnish certain steel and iron finished components for an apartment project; that while there was no overall agreement as to total price, the plaintiff performed work and regularly billed the defendant and was paid on account by the defendant; that on presentation of the final bill the defendant accepted the same without objection and offered to pay it in two instalments. This evidence at the very least supports the theory of an account stated for the amount sued for. *Murray v. Lightsey,* 58 Ga. App. 100 (197 SE 870); *Martin v. Mayer,* 63 Ga. App. 387 (11 SE2d 218). There was no error in the charge, nor was the theory of the case presented in any manner which would tend to confuse the jury. The special grounds of the motion for new trial are without merit.

*Judgment affirmed. Hall, P. J., and Evans, J., concur.*