46206. TRAVELERS INSURANCE COMPANY v. COX.

JORDAN, Presiding Judge. Joe Cox sued Johnny D. and Mildred A. Scoggins because of damages alleged to have arisen from an automobile collision. The defendants were insured by Travelers Insurance Company as to liability. Prior to filing the suit, certain negotiations were carried on between Cox and the adjusting agent of Travelers Insurance Company. Cox contends the adjusting agent instructed him to dispose of his automobile to a person designated by said agent, with the promise and agreement on the part of the agent that Cox would receive certain sums of money for the automobile plus loss of earnings. Cox contends he disposed of the automobile in accordance with the agent's instructions. Thereafter the suit above mentioned was tried and decided in defendant's favor.

The present suit is by Joe Cox against Travelers Insurance Com-

pany based on the alleged oral contract and agreement, and prays recovery for the balance promised for the automobile, loss of earnings, and expense of litigation. Travelers Insurance Company answered, denying any agreement to settle the claim and alleged further, inter alia, that Cox had filed suit against its insureds, wherein he sought damages resulting from the collision, which, after trial, was adjudicated against the plaintiff, and, consequently, he has no valid legal claim against defendant in this action. Thereafter a motion for summary judgment was filed by the defendant, based upon an affidavit of the agent, the depositions of the plaintiff and of defendent's sales agent, and a certified copy of the pleadings in the case of Joe H. Cox v. Johnny D. Scoggins and Mildred A. Scoggins, who were the insureds under defendant's policy. Motion for summary judgment was denied. Certificate for immediate review was granted, and the appeal is from that judgment. *Held:*

1. The petition is based on an alleged contract of settlement between the plaintiff and his tortfeasor's insurance carrier, to the effect that they had agreed upon a sum certain which the insurer had refused to pay in settlement of the claim. At this stage of the proceeding, and under the holding in *Klag v. Home Ins. Co.,* 116 Ga. App. 678 (158 SE2d 444), the plaintiff would have had a cause of action for breach of the settlement as agreed upon. However, instead of relying upon the alleged settlement agreement, the plaintiff chose to file his claim against his alleged tortfeasor for damages. This suit was litigated to a jury trial and resulted in a verdict for the defendant. It is clear then that the plaintiff chose not to rely upon the contract for settlement of the claim, rather he disaffirmed the same, and made an election to assert his claim in the tort litigation rather than to proceed against the defendant insurer for breach of the settlement contract.

The *Klag* case is not applicable here, for in that case the plaintiff elected to proceed in the first instance against the insurance carrier upon a breach of a liability claim settlement.

The plaintiff's claim has been litigated and he lost. In such event he cannot relitigate the claim in another action, either directly or indirectly. *Lankford v. Holton,* 196 Ga. 631 (27 SE2d 310).

A showing that certain facts are in dispute will not defeat the motion for summary judgment where the movant has conclusively negated one essential element entitling the opposite party to recover under any theory. Here the movant has done this by showing that plaintiff's claim has been litigated adversely to his position.

*Judgment reversed. Bell, C. J., Hall, P. J., Eberhardt, Pannell, Deen and Quillian, JJ., concur. Whitman, J., concurs in the judgment. Evans, J., dissents.*

SUBMITTED MAY 6, 1971—DECIDED JULY 13, 1971—
REHEARING DENIED JULY 26, 1971—

*Robert Edward Surles,* for appellant.

*F. H. Boney,* for appellee.

EVANS, Judge, dissenting. The present suit is by Joe Cox against Travelers Insurance Company based on the alleged oral contract and agreement, and prays recovery for the balance promised in the sale of an automobile, loss of earnings, and expense of litigation. Travelers Insurance Company answered, denying any agreement to settle the claim, and alleged further, inter alia, that Cox had filed suit against its insureds, wherein he sought damages resulting from the collision, which, after trial, was adjudicated against the plaintiff, and, consequently, he has no valid legal claim against defendant in this action. Thereafter a motion for summary judgment was filed by the defendant, based upon an affidavit of the agent, the depositions of the plaintiff and of defendant's sales agent, and a certified copy of the pleadings in the case of Joe H. Cox v. Johnny D. Scoggins and Mildred A. Scoggins, who were the insureds under defendant's policy. The sole question appears to be whether the failure of the plaintiff to prevail in his tort action against the Scoggins would void the alleged contract, if any, in this instance.

The essential element claimed by defendant to defeat a recovery by the plaintiff is the suit in tort against its insureds for damages arising from the collision between them. All questions between parties once and finally settled by a solemn decree must be considered as an end to the litigation, and the same cannot be re-liti-

gated in other actions, directly or indirectly. *Lankford v. Holton,* 196 Ga. 631 (27 SE2d 310) and cases cited at page 632. Further, a position taken in a former action or judicial proceeding generally estops a party to make an inconsistent claim or to take a conflicting position in a subsequent action or judicial proceeding, to the prejudice of the adverse party. See *Ellis v. Ellis,* 161 Ga. 360 (2) (130 SE 681). But such is not the case here where the tort case was between the plaintiff and the defendant's insureds, whereas now he is suing on a promise to pay by the defendant and partial performance on his part since he had sold his car on the strength of the agreement. These are not the same parties or subject matter involved in the tort action. In *Klag v. Home Ins. Co.,* 116 Ga. App. 678 (158 SE2d 444) it has been held that upon a breach of a liability claim settlement a complaint may be maintained under the contract rights therein pleaded. While under the policy the. insurer had agreed to indemnify the insureds in the event the plaintiff had succeeded in his tort action, yet the plaintiff is not barred here in his suit on a separate contract with the defendant insurance company. The alleged promise of the defendant could not have been adjudicated in the claim or counterclaim involved in the tort suit.

Summary judgment proceeding is a vital procedural device for the prompt disposition of actions in which there is no genuine issue as to any material fact. However, it appears here that the motion for same failed to exclude every essential issue of fact since jury questions remain. See *Wood v. Brunswick Pulp &c. Co.,* 119 Ga. App. 880 (169 SE2d 403); *Ginn v. Morgan,* 225 Ga. 192, 194 (167 SE2d 393).

In my opinion the court did not err in denying the motion for summary judgment, hence I would affirm.