## 26745. COX v. TRAVELERS INSURANCE COMPANY.

HAWES, Justice. Joe Cox was involved in an automobile collision with an automobile owned by Johnny D. Scoggins and driven by his wife, Mildred A. Scoggins. The Scogginses were insured by the Travelers Insurance Company. Cox sued the Scogginses in tort for damages, and upon the trial of that case a verdict and judgment was returned for the defendants. He then brought the present suit against the Travelers Insurance Company on the theory that shortly after the collision and before suit was filed against the Scogginses, Travelers had entered into an oral contract with him to pay an agreed sum of money as compensation for his damages growing out of the collision and in return for certain promises on his part, and had thereafter breached that contract by refusing to pay the amount agreed upon although he had performed his part of the agreement. The trial court denied the defendant's motion for a summary judgment, certifying that judgment for immediate review. On appeal to the Court of Appeals, that court reversed the judgment on the theory that Cox, by suing the Scogginses after entering into the contract with Travelers, had made an election between two available remedies and was thus barred from pursuing his remedy against Travelers on the contract. *Travelers Ins. Co. v. Cox,* 124 Ga. App. 337 (183 SE2d 610).

We granted certiorari. Prior to the effective date of the Civil Practice Act, a plaintiff was permitted to "pursue any number of consistent concurrent remedies against different persons" until he obtained a satisfaction from some of them. Former *Code* § 3-114. *Equitable Life Assurance Society v. May,* 82 Ga. 646, 655 (9 SE 597). This provision of the Code was uniformly held to bar the pursuit of two inconsistent remedies. Two remedies were inconsistent if the assertion of one involved the negation or repudiation of the other. *Peterson v. Lott,* 200 Ga. 390, 394 (37 SE2d 358); *Ga. Power Co. v. Fountain,* 207 Ga.

361, 366 (61 SE2d 454). However, by § 45 of the Act approved March 30, 1967 (Ga. L. 1967, pp. 226, 247), amending the Civil Practice Act, former *Code* § 3-114 was amended to read: "A plaintiff may pursue any number of consistent or inconsistent remedies against the same person or different persons until he shall obtain a satisfaction from some of them." *Code Ann.* § 3-114. The modification of the former Code section which had been based on the *Equitable Life Assurance Society* case by an enactment of the legislature was upheld by this court in *Douglas County v. Abercrombie,* 226 Ga. 39 (172 SE2d 419) against the constitutional attack that such enactment was an encroachment by the legislature on the judicial function which is barred under the doctrine of the separation of powers. It would thus appear that the former requirement of consistency of remedies is no longer of force in this State and that the plaintiff here is not barred from suing for breach of contract in this case even if such action may be deemed in some sense to be inconsistent with this former pursuit of his tort action against the Scogginses.

However, as we view the matter, there is no inconsistency between the two actions. The former suit was a tort action against the Scogginses. The present suit is an action ex contractu against the Travelers Insurance Company. The parties are not the same and the subject matters of the two actions are not the same. Nothing in the former action against the Scogginses involves in any way a negation or repudiation by the plaintiff of his cause of action, if such he has, against Travelers for breach of contract. There were substantial issues of fact before the trial court which should be submitted to a jury, and the trial court did not err in denying the defendant's motion for a summary judgment. It follows that the Court of Appeals erred in reversing that judgment.

*Judgment reversed. All the Justices concur.*
ARGUED NOVEMBER 8, 1971—DECIDED JANUARY 6, 1972.

500

*F. H. Boney,* for appellant.
*Robert Edward Surles,* for appellee.