## 49356. WALLACE v. BLEAKMAN.

EBERHARDT, Presiding Judge.

Bleakman sold a Great Dane puppy to Wallace, representing as a part of the sale negotiations that it was entitled to AKC registration and promising to obtain such registration for the puppy and deliver it to the purchaser. Wallace agreed to pay $200 for the puppy, and paid $100 down and took possession. At the time agreed upon he paid the remainder of the purchase price and requested the registration papers, but they were never obtained and furnished. Wallace sues alleging that

because of the absence of the AKC registration papers he had lost five opportunities to breed the dog for stud fees of $150 each, and had lost the opportunity to get the pick of the litter in each instance, which he alleges he could have sold for $200 each. He seeks recovery of those amounts and also seeks to recover $100 which he alleges he has paid out in veterinary fees, and $10 per day for the cost of feeding and caring for the dog since he purchased it, and punitive damages.

Defendant moved to dismiss the action on the ground that no proper measure of damages for breach of the express warranty as to registration of the dog was set out in the petition, and that items of special damages set out, as well as punitive damages were not recoverable in this action. The motion was sustained and plaintiff appeals, enumerating as error the order sustaining the motion to dismiss. *Held:*

1. While some of the damages sought do not appear to be proper items for recovery, we can not say that none of them is recoverable. See *Bateman v. Warfield,* 12 Ga. App. 259 (2) (77 SE 104); Code § 20-1405; *Hadden v. Southern Messenger Service,* 135 Ga. 372 (2) (69 SE 480). As to pleading of special damages see Code Ann. § 81A-109 (g); *Signal Oil & Gas Co. v. Conway,* 126 Ga. App. 711, 717 (3) (191 SE2d 624), reversed on other grounds, 229 Ga. 849.

2. While the petition is couched in loose pleading, this could very well be remedied by motion to strike the improper or irrelevant portion, and by a pre-trial conference and a pre-trial order outlining the issues to be tried. Code Ann. § 81-1013, et seq.

3. A dismissal of the action because an improper measure of damages has been pled, or because it appears that some of the damages sought are not recoverable, is erroneous. Cf. *Harper v. DeFreitas,* 117 Ga. App. 236, 238 (160 SE2d 260).

*Judgment reversed. Deen and Stolz, JJ., concur.*

SUBMITTED MAY 8, 1974 — DECIDED MAY 20, 1974.

*Long, Weinberg, Ansley & Wheeler, Charles E.*

*Walker,* for appellant.
*George H. Carley,* for appellee.