52531. UIV CORPORATION v. OSWALD.

STOLZ, Judge.

In the plaintiff corporation's action to recover a deficiency balance after repossession and sale of the defendant's automobile under a security agreement, the defendant filed a two-count counterclaim. Count 1 was predicated upon a breach of the retail installment contract, seeking the damages provided under Code Ann. § 109A-9—507 (1) (Ga. L. 1962, pp. 156, 425) for wrongful disposition of the consumer-goods collateral. Count 2 sought general damages (the value of the automobile plus its rental value) and punitive damages for the tortious conversion of the automobile.

The jury found in favor of the defendant's counterclaim in the amounts of $1,080 under Count 1, $3,600 under Count 2, and $500 punitive damages. Upon the trial judge's questioning, both counsel said that they had no question about the verdict or objections to its form, whereupon he entered a judgment in accordance with the verdict.

The plaintiff then filed a motion for new trial on the usual general grounds, viz., that the verdict is contrary to the evidence and principles of justice and equity, and is decidedly and strongly against the weight of evidence. Enumerated as errors on this appeal from the overruling of the motion for new trial, are that the verdict (1) allowed recovery on two inconsistent theories, (2) allowed excessive damages, and (3) awarded illegal punitive damages. *Held:*

"Prior to the effective date of the Civil Practice Act, a plaintiff was permitted to 'pursue any number of consistent concurrent remedies against different persons' until he obtained a satisfaction from some of them. Former Code § 3-114. *Equitable Life Assurance Society v. May,* 82 Ga. 646, 655 (9 SE 597). This provision of the Code was uniformly held to bar the pursuit of two inconsistent remedies. Two remedies were inconsistent if the assertion of one involved the negation or repudiation of the other. *Peterson v. Lott,* 200 Ga. 390, 394 (37 SE2d 358); *Ga. Power Co. v. Fountain,* 207 Ga. 361, 366 (61 SE2d 454). However, by § 45 of the Act approved March 30, 1967 (Ga.

L. 1967, pp. 226, 247), amending the Civil Practice Act, former Code § 3-114 was amended to read: 'A plaintiff may pursue any number of consistent or inconsistent remedies against the same person or different persons until he shall obtain a satisfaction from some of them.' Code Ann. § 3-114. The modification of the former Code section which had been based on the *Equitable Life Assurance Society* case by an enactment of the legislature was upheld by this court in *Douglas County v. Abercrombie,* 226 Ga. 39 (172 SE2d 419) against the constitutional attack that such enactment was an encroachment by the legislature on the judicial function which is barred under the doctrine of the separation of powers. *It would thus appear that the former requirement of consistency of remedies is no longer of force in this State* and that the plaintiff. . . is not barred from suing for breach of contract in [a] case even if such action may be deemed in some sense to be inconsistent with [a] former pursuit of his tort action. . ." (Emphasis supplied.) *Cox v. Travelers Ins. Co.,* 228 Ga. 498 (186 SE2d 748) (1972). See also *D. H. Overmyer Co. v. Kapplin,* 122 Ga. App. 51 (1) (176 SE2d 207) (1970); *G. E. C. Corp. v. Southern Fabricators,* 122 Ga. App. 452, 454 (3) (177 SE2d 497) (1970); *Howell v. Ayers,* 129 Ga. App. 899 (5) (202 SE2d 189) (1973) and cits.

This court, following Code § 3-114 (as amended in 1967) and consistently with the provisions of Code Ann. § 81A-108 (e) (2) (Ga. L. 1966, pp. 609, 619; 1967, pp. 226, 230), has held, as in *Overmyer,* 122 Ga. App. 51 (1), supra, that "[i]nconsistent remedies may be pursued *until satisfaction is obtained. Bacon v. Winter,* 118 Ga. App. 358 (3) (163 SE2d 890). *This means after, not before, verdict."* (Emphasis supplied.)

"Satisfaction" is defined by Black's Law Dict. (Revd. 4th Ed.) as "The discharge of an obligation *by paying a party* what is due to him (as on a mortgage, lien, or contract), or what is awarded to him, *by the judgment of a court* or otherwise." (Emphasis supplied.) This is in accordance with our statutory use of the term with relation to satisfaction of executions, Code Ch. 39-6.

If this construction were placed upon this language in § 3-114, however, it would fly in the face of the requirement that every judgment must be certain and

definite as to the amount thereof. *Hutcheson v. Hutcheson,* 197 Ga. 603 (30 SE2d 107) (1944). The result would be that the judgment debtor might tender the judgment creditor the amount of the lesser, inconsistent verdict-judgment and possibly thereby satisfy the entire judgment, with the judgment creditor having been deprived of any opportunity to elect which judgment he chose to collect. It would be very difficult to determine from the judgment dockets which judgments had been satisfied, since the judgment creditor could obtain satisfaction on one of the inconsistent judgments, leaving the other part of the judgment apparently unsatisfied, but uncollectible.

For these reasons, we construe the language of Code § 3-114 and the cases following it to mean that, while the claimant, or counterclaimant as in this case, is not required to make an election between inconsistent remedies prior to the verdict, he must make, and be given the opportunity to make, an election prior to the formulation and entry of judgment. We believe this is the import of the following language in *Mathews v. Greiner,* 130 Ga. App. 817, 821 (2) (204 SE2d 749) (1974): "Accordingly the plaintiffs here were entitled to remain in court under their pleading whereby one count proceeded upon a breach of contract and the third count was based upon a tort alleging a conspiracy involving a party other than the contracting parties. It then depends upon the facts produced at the trial for a determination as to whether the proof presented is sufficient to prove a case under *any* [not all] of the theories contained in the complaint." (Emphasis supplied.) In *Bell v. Sigal,* 129 Ga. App. 249 (199 SE2d 355) (1973), this court held, after finding that the plaintiff might pursue both tort and contract actions, that "[n]evertheless, we do not apprehend that a plaintiff may proceed with two lawsuits and recover twice from the same defendant merely by denominating one action a tort and the other a breach of contract." If this result is to be avoided in two separate lawsuits, certainly it is equally to be avoided where, as in the present case, the inconsistent remedies are sought in one lawsuit, but separate counts. Since an election must be made at some point, it is better, at least in the case of a

verdict in a single lawsuit for inconsistent items of recovery, to require the election to be made prior to judgment, for the reasons hereinbefore stated.

The two counts in the defendant-appellee's counterclaim are inconsistent, in that they seek to recover twice (once in contract and once in tort) for the same transaction, i.e., the repossession and sale of the collateral. That the statutory damages are not intended to be awarded in addition to damages for tort, can be seen by an examination of applicable portions of the UCC. Under Code Ann. § 109A-1—201 (11) (Ga. L. 1962, pp. 156, 161), " 'Contract' means the total legal obligation which results from the parties' agreement as affected by this Act and any other applicable rules of law." Under Code Ann. § 109A-9—505 (Ga. L. 1962, pp. 156, 424), the debtor who has paid 60 percent of the cash price of consumer goods has an *option,* where the creditor fails timely to dispose of the collateral under § 109A-9—504, to recover *either* in conversion *or* under § 109A-9—507 (1), but not both.

Accordingly, we reverse the judgment of the trial judge on the verdict and remand the case to the trial court for the purpose of giving the defendant an opportunity to elect on which of the inconsistent counts of his counterclaim he will recover judgment, and for the entry of judgment thereon. If no election is made within 10 days after the remittitur from this court is made the judgment of the trial court, then the plaintiff will be granted a new trial. Inasmuch as it cannot be determined at this time whether the judgment to be entered will include the award of punitive damages, the propriety of such award is not here ruled on.[1] The plaintiff, of course, will have available the statutory right of appeal following the entry of the judgment as herein directed.

*Judgment reversed with direction. Bell, C. J., and Clark, J., concur.*

ARGUED SEPTEMBER 20, 1976 — DECIDED SEPTEMBER 29, 1976.

---

[1]As to this, see generally *Ford Motor Credit Co. v. Milline,* 137 Ga. App. 585, 589 (3) (224 SE2d 437) (1976).

*Levy, Buffington & Adams, D. Merrill Adams,* for appellant.

*Phillip N. Lavender,* for appellee.