**Bobby WOLFE, Plaintiff-Appellant,**

v.

**CHRYSLER CORPORATION,
Defendant-Appellee.**

No. 83–8399.

United States Court of Appeals,
Eleventh Circuit.

June 18, 1984.

William S. Stone, Blakely, Ga., for plaintiff-appellant.

Robert C. Norman, Jr., Macon, Ga., for defendant-appellee.

Before HILL and CLARK, Circuit Judges, and THORNBERRY *, Senior Circuit Judge.

* Honorable Homer Thornberry, U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

**PER CURIAM:**

The appeal in this diversity case raises an interesting question: What constitutes a *new* van? We hold that because the question required a jury response, the district court erred in entering summary judgment.

## I.

Chrysler Corporation sold a 1980 Dodge van to Greenbrier Dodge, Inc., in March of 1980. Greenbrier performed service work on the van's transmission and replaced the vehicle's torque converter with one that had been remanufactured by Chrysler at its factory. Greenbrier sold the van to Joe Nix Dodge, Inc., which later sold it as a new vehicle to Bobby Wolfe.

Nearly a year and a half after Wolfe bought the van, he discovered the remanufactured torque converter.[1] He immediately delivered the van back to Joe Nix Dodge and demanded return of his purchase money. Chrysler refused and Wolfe filed suit alleging fraudulent misrepresentation.[2]

## II.

Chrysler moved for summary judgment primarily on the ground that Joe Nix Dodge was not its agent and, therefore, that any representations of newness made by the dealer could not be attributed to Chrysler. Agreeing with Chrysler that no agency relationship existed between the manufacturer and the dealer, the district court held that Wolfe had no claim against Chrysler, either in tort based on the alleged fraud or in contract for recission based on the alleged misrepresentation. For that reason, the court granted Chrysler summary judgment. We reverse.

■ The district court order cannot stand on the ground that Wolfe failed to prove Joe Nix Dodge to be Chrysler's agent. Under Georgia law, the elements of a cause of action for fraud are (1) a false representation made by the defendant; (2) scienter, or knowledge of the statement's falsity at the time the statement was made; (3) an intention to induce the plaintiff to act or refrain from acting in reliance on the statement; (4) the plaintiff's justifiable reliance; and (5) damage to the plaintiff. *Tolar Construction Co. v. GAF Corp.*, 154 Ga.App. 127, 129, 267 S.E.2d 635, 638 (1980). Because "slight circumstances may be sufficient to carry conviction of its existence," *id.*, fraud is a claim that ordinarily requires submission to the jury. *Id.; see Wells v. Blitch*, 182 Ga. 826, 831–32, 187 S.E. 86, 90 (1936).

■ Taking all of Wolfe's well-pled allegations and supporting evidence in the light most favorable to his case, *see Sweat v. Miller Brewing Co.*, 708 F.2d 655, 656 (11th Cir.1983), we conclude that he made out a prima facie case of fraud. Wolfe alleged that Chrysler represented the van to be a new vehicle, when in fact the van carried a remanufactured torque converter. Wolfe's complaint referred to and attached as exhibits the new vehicle warranty, the retail installment contract, and other literature that accompanied the van. Those documents were allegedly prepared by Chrysler and delivered to Wolfe at Chrysler's request. Clearly, the dealer was Chrysler's agent for the purpose of delivering Chrysler's literature to Wolfe. *See Studebaker Corporation v. Nail*, 82 Ga.App. 779, 782–83, 62 S.E.2d 198, 201–02 (1950). Through those documents, Chrysler represented that the van was new.[3] Based on

---

1. Wolfe took the van to a mechanic for transmission repair. The mechanic disassembled the transmission and found attached to the torque converter a label identifying the part as "remanufactured by Chrysler Corporation."

2. Wolfe also sought damages under the Georgia Fair Business Practices Act. However, he has abandoned that claim on appeal.

3. It is true that Wolfe's complaint also alleged certain oral misrepresentations on the part of

Joe Nix Dodge. However, regardless of whether any misrepresentations made by the dealer could be attributed to Chrysler, the evidence was sufficient to raise a factual issue concerning the accuracy of *Chrysler's* written statements. Apparently, the district court concluded that Wolfe's only evidence consisted of the dealer's representations and that Wolfe could not show any statements by Chrysler that the van was new. However, Wolfe presented evidence of

this evidence, most of which was not disputed by Chrysler, Wolfe raised a factual dispute concerning the truth of Chrysler's representations.

■ Wolfe also presented evidence of scienter—*i.e.* that Chrysler had prior knowledge of the inaccuracy of its statements. Chrysler admitted that it had authorized Greenbrier Dodge, a dealer wholly owned by Chrysler, to replace the torque converter with a remanufactured part. After the work was done, Chrysler paid Greenbrier's warranty claim for the installation costs. Thus, well before Wolfe purchased the van, Chrysler had knowledge that a remanufactured torque converter had been installed in the "new" van.[4]

■ Similarly, Wolfe alleged that he relied on Chrysler's representations. We cannot say, as a matter of law, that Chrysler did not intend for consumers to rely on its representations or that Wolfe's reliance was unjustified. Whether he in fact relied and, if so, whether his reliance on Chrysler's representations was justified under the circumstances were questions for the jury to resolve. *See Travel Wholesale, Inc. v. Herren,* 132 Ga.App. 560, 561, 208 S.E.2d 571, 573 (1974) ("whether an injured party is justified in relying upon a misrepresentation ... [is] ordinarily question[ ] for determination by the jury.").

■ Finally, the summary judgment order cannot rest on any failure by Wolfe to establish damages. Under Georgia law, "[W]here a party states a cause of action for tort and alleges injury, the law presumes damages." *Keasler v. Cedar Bluff Bank,* 162 Ga.App. 57, 60, 290 S.E.2d 150, 153 (1982) (citation omitted). Because Wolfe's complaint and supporting materials

stated a valid fraud claim and because he alleged injury, Wolfe was entitled to present evidence of his damages to a jury.[5]

### III.

When Wolfe discovered the remanufactured part, he returned the van and asked for his money back. Chrysler argues that, by taking this action, Wolfe made an election of remedies that binds him in seeking recovery for the alleged fraud. Chrysler relies on the following Georgia rule:

[W]here the purchaser of personal property has been injured by the false and fraudulent representations of the seller as to the subject matter thereof, he ordinarily has an election whether to rescind the contract, return the article and sue in tort for fraud and deceit, or whether to affirm the contract, retain the article and seek damages resulting from the fraudulent misrepresentation.

*Bob Maddox Dodge, Inc. v. McKie,* 155 Ga.App. 263, 264, 270 S.E.2d 690, 691 (1980). According to Chrysler, Wolfe elected the tort remedy by returning the van. On the other hand, Wolfe alleged as damages the difference between the actual value of the van when it was purchased and its value had it been as represented. Since Wolfe's alleged measure of damages is appropriate for a *contractual* fraud claim, *see Rustin Oldsmobile, Inc. v. Kendrick,* 123 Ga.App. 679, 680, 182 S.E.2d 178, 180 (1971), Chrysler argues that Wolfe cannot recover in tort because he has alleged the wrong measure of damages, or in contract because he elected the tort remedy.

■ Chrysler's argument is flawed for at least two reasons. First, a plaintiff alleging fraud is not required to make an

---

Chrysler's own misrepresentations and, therefore, the agency issue is not controlling.

4. Chrysler argues that since warranty claims are processed entirely by a computer, any knowledge it had of the repair work was contained in the computers. Therefore, Chrysler contends, the corporation itself did not possess sufficient knowledge to support a claim for actual fraud. We are not persuaded by Chrysler's argument.

5. Chrysler strenuously argues that, for all practical purposes, the remanufactured torque converter is a new part because it is built with all new parts, excepting the housing unit. Therefore, according to Chrysler, Wolfe sustained no damage. Wolfe is just as adamant in his response: the van is worth less with the remanufactured part. Chrysler, of course, can make its argument to the jury. But whether the part is new or not cannot be answered by the court on a motion for summary judgment.

election of remedies prior to entry of the verdict. *UIV Corp. v. Oswald,* 139 Ga. App. 697, 699, 229 S.E.2d 512, 514 (1976); *see also* Code Ga.Ann. § 9–2–4 (1982) ("Remedies for material misrepresentation of fraud include all remedies available under this Article for nonfraudulent breach. Neither recission or a claim for recission of the contract for sale nor rejection or return of the goods shall bar or be deemed inconsistent with a claim for damages or other remedy.") Therefore, Wolfe did not elect a tort remedy to the exclusion of any remedy he might have in contract by returning the van. He was entitled to pursue either remedy or both remedies until "formulation and entry of the verdict." *UIV Corp. v. Oswald,* 139 Ga.App. at 699, 229 S.E.2d at 514; *see also Cox v. Travelers Insurance Co.,* 228 Ga. 498, 499, 186 S.E.2d 748, 750 (1972) (pursuit of contract remedy, even if deemed inconsistent with pursuit of tort action, not barred under Georgia law).

■ Second, a plaintiff who alleges an improper measure of damages is not therefore barred from presenting evidence from which the jury can calculate his loss. *See Wallace v. Bleakman,* 131 Ga.App. 856, 857, 207 S.E.2d 254, 255 (1974) ("A dismissal of the action because an improper measure of damages has been pled ... is erroneous."); *see also* Code Ga.Ann. § 9–11–54(c) (1982) (requiring court to grant relief to which prevailing party is entitled, "even if the party has not demanded such relief in his pleadings ....") Therefore, Wolfe's failure to plead the appropriate measure of damages cannot serve as the basis for the summary judgment order.

For these reasons, the district court order granting Chrysler summary judgment is

REVERSED.