A89A2058. DEPARTMENT OF TRANSPORTATION v. BENNETT et al.
(391 SE2d 724)

CARLEY, Chief Judge.

Pursuant to OCGA § 32-3-1 et seq., appellant-condemnor Department of Transportation (DOT) initiated condemnation proceedings against property belonging to appellee-condemnees. The issue of just and adequate compensation was tried before a jury. A verdict was returned in excess of the amount of estimated just and adequate compensation that DOT had paid into court and the trial court entered judgment in favor of condemness for that excess. DOT's motion for new trial was denied and it appeals from the denial of that motion.

1. Condemnees' expert appraiser testified that he had been employed by Oglethorpe Power Corporation to appraise condemnees' property in connection with a prior condemnation proceeding. On appeal, DOT enumerates as error the trial court's admission into evidence of this witness' testimony that he "had previously been employed by another condemning authority to value the subject property."

The record shows that, at trial, DOT made several objections to the *substance* of the witness' testimony. However, an objection to the witness testifying to the *fact* of his prior employment by another condemning authority was never made. Accordingly, we cannot address DOT's contention on appeal that the rationale of *Logan v. Chatham County*, 113 Ga. App. 491 (1) (148 SE2d 471) (1966) should be extended so as to preclude a condemnee's expert witness from testifying that he was previously employed by *another* condemning authority in connection with prior condemnation proceedings against the condemnee's property. No such objection was ever raised in the trial court. " 'An objection to the admission or exclusion of evidence must

be *specifically* raised at trial in order to be heard on appeal. (Cits.)' [Cit.] [DOT] does not enumerate as error the trial court's ruling as to the . . . objection[s] that [were] raised. Accordingly, we likewise [can] not decide the admissibility of the [witness'] testimony [as against those objections]." (Emphasis in original.) *Herron v. MARTA,* 177 Ga. App. 201, 202 (1) (338 SE2d 777) (1985).

2. The trial court's refusal to give one of DOT's requests to charge is enumerated as error. The record shows, however, that the principles contained in that refused request were otherwise covered in the instructions that were given by the trial court. It is not "error to refuse to give a requested charge where the substance of the request is covered in the general instructions given. [Cits.]" *Gates v. Southern R. Co.,* 118 Ga. App. 201, 203 (3a) (162 SE2d 893) (1968). DOT further urges that the trial court erred in charging on the substance of the refused request because there was no evidence to authorize the giving of such a charge. However, DOT cannot complain of the giving of a charge when it had itself requested that a similar instruction be given to the jury. *Sarman v. Seaboard Air-Line R. Co.,* 33 Ga. App. 315 (4a) (125 SE 891) (1924). Moreover, DOT did not object to the lack of evidentiary support for the charge that was given by the trial court and cannot raise that contention for the first time on appeal.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED MARCH 9, 1990.

*Weiner, Dwyer, Yancey & Mackin, J. Matthew Dwyer, Jr., Anne W. Sapp, Michael J. Bowers, Attorney General,* for appellant.

*Smith, Eubanks, Smith & Darien, Donald D. Smith,* for appellees.