## A91A0289. SUMNER v. FIRST UNION NATIONAL BANK OF GEORGIA.

(409 SE2d 212)

BEASLEY, Judge.

Appellant Benjamin Carmichael Sumner sued the appellee bank and certain of its officers and employees to recover damages for defamation and emotional distress. The complaint alleged that the bank had knowingly caused a false financial report that Sumner's checking account had been involuntarily closed to be published by Cheque Inquiries, Inc., an out-of-state credit reporting agency also named as a defendant, for the purpose of injuring his personal and business reputation. These charges arose during the pendency of prior litigation between Sumner and the bank's predecessor, resolved in *Savannah Bank & Trust Co. v. Sumner*, 174 Ga. App. 229 (329 SE2d 910) (1985).

The bank moved for summary judgment on all claims. It was granted on the issue of defamation because there was no showing of libel per se and Sumner had failed to plead and prove special damages to make out a case of libel. The claim of intentional infliction of emotional distress was reserved for trial by jury. A verdict in favor of the bank was returned and judgment was entered.

Sumner appealed, requesting that nothing be omitted from the record. By amendment he requested the omission of one designated letter, but he later requested that the letter and seven other specified items be included in the appeal record. The bank then filed a designation of addenda to request inclusion of two pretrial orders and certain depositions considered by the trial court in ruling on its motion for summary judgment.

1. Sumner contends that the grant of summary judgment was erroneous because special damages are not necessary to support a claim of libel, and that even if proof of special damage was required, the bank accused him of "kiting" checks and the accusation of criminality is libel per se.

The evidence showed that Sumner's Mastercard account with the bank became delinquent in 1982 because he was not making adequate payments to keep it current. As required by state and federal banking regulations, the bank routinely charged off his account by transferring it from the credit card department to the recovery department. A charge-off caused by a delinquent credit card debt is normally subject to a credit report but because Sumner had sued the bank and legal proceedings were pending, it was decided to refrain from the usual credit reporting procedures. However, information that the bank had incurred a charged-off loan from Sumner was inadvertently transmitted to Cheque Inquiries and communicated to another bank which rejected Sumner's application to open a personal checking account.

An allegation that one owes a delinquent debt does not impute that he has committed a crime. *Estes v. Sterchi Bros. Stores*, 50 Ga. App. 619 (1) (179 SE 222) (1935); *Haggard v. Shaw*, 100 Ga. App. 813 (1) (112 SE2d 286) (1959). A "business libel" may be actionable because of special damages, although not libelous per se. *Weatherholt v. Howard*, 143 Ga. 41 (4) (84 SE 119) (1914). It is not necessary to allege special damages to recover in a libel action if it is shown that the plaintiff suffered an injury to his reputation, but "merely to charge one as a delinquent debtor is, as a matter of law, not libelous per se under the provisions of [present OCGA §§ 51-5-1 and 51-5-2]." *Floyd v. Atlanta Newspapers*, 102 Ga. App. 840, 842 (1) (117 SE2d 906) (1960). "As respects a charge of failure to pay debts, without any imputation of insolvency, it seems to be settled that a writing containing the mere statement that a person who is not a trader or merchant, or engaged in any vocation wherein credit is necessary for the proper and effectual conduct of his business, owes a debt and refuses to pay, or owes a debt which is long past due, is not libelous per se and does not render the author or publisher of such statement liable without proof of special damages." *Mell v. Edge*, 68 Ga. App. 314 (2) (22 SE2d 738) (1942).

The partial summary judgment was warranted.

2. Sumner complains that the trial court erred in not submitting to the jury his proposed stipulation of facts concerning the prior litigation. This stipulation was not agreed to by the bank. As Sumner has offered neither authority nor argument to require the presentation to the factfinder of a unilaterally proposed factual stipulation, we find no ground for reversal.

3. Sumner enumerates as error the court's not striking from evidence a document showing that his first suit was voluntarily dismissed without prejudice, when the court later became aware that counsel at the time of the dismissal had agreed that the fact of dismissal would not be revealed to the jury. No motion to strike was made, and appellant has cited no authority for the proposition that the court was bound, sua sponte, to instruct the jury to disregard the evidence. It was incumbent upon counsel to call this matter to the trial court's attention and ask for a specific ruling. *Barron v. Pacific Employers Ins. Co.*, 149 Ga. App. 113 (3) (253 SE2d 777) (1979).

In the course of appellant's argument, he contends that the document was objected to at the time it was offered. However, this was on the ground of relevancy, which was overruled. Where the trial court's ruling on the objections raised is not enumerated as error on appeal, the reviewing court cannot decide the admissibility of the evidence as against the objections. *Department of Transp. v. Bennett*, 194 Ga. App. 789 (1) (391 SE2d 724) (1990).

4. Appellant has shown no grounds for reversal in his enumera-

tions complaining that the trial court erred by commenting during a motion hearing outside the presence of the jury that while a witness had used the term "kiting," she did not understand the meaning of it, and that "kiting" was not an issue at trial. Where no ruling has been made there is nothing for this court to review. See *Rowe v. Rowe*, 195 Ga. App. 493 (3) (393 SE2d 750) (1990).

5. Appellant challenges the trial court's failure to rebuke the bank's attorney for making an allegedly prejudicial remark in closing argument, in violation of OCGA § 9-10-185. The remark was that the lawsuit had been filed before, dismissed, and refiled. There was evidence earlier in the trial, outside the jury's presence, that defendant's counsel and plaintiff's prior counsel had agreed these facts would not be revealed to the jury, but the evidence of the first lawsuit and its dismissal was not objected to on the ground of the agreement, and the trial court had overruled the objection. Consequently, the evidence of the first suit and its dismissal was before the jury at the close of the case, whereas the evidence of the agreement was not before the jury.

The trial transcript shows that no objection was made to defendant's remark. Even if this omission did not waive the issue as a ground for appeal, it has no merit because the remark was based on the evidence. *Dawes Mining Co. v. Callahan*, 154 Ga. App. 229, 233 (3) (267 SE2d 830) (1980).

Appellant cites *All Risk Ins. Agency v. Southern Bell Tel. &c. Co.*, 182 Ga. App. 190, 193 (4) (355 SE2d 465) (1987), and *Moorehead v. Counts*, 130 Ga. App. 453 (203 SE2d 553) (1973), but in those cases appellants had acted promptly in the trial court by moving for mistrial. Here, appellant registered no complaint until appeal.

6. Three enumerations assign error to an order of the trial court allocating costs of supplementing the record on appeal between the parties, an order denying Sumner's motion to modify or set aside the order allocating costs and certain statements of the trial judge at a hearing held on appellant's motion for reconsideration of the orders allocating court costs.

The bank has objected to this court's review of these alleged errors because no notice of appeal was filed from the post-trial orders. Assuming that these subsequent procedural rulings are reviewable under OCGA § 5-6-34 (c), the issue is assigned to the discretion of the trial court. *Jones v. Spindel*, 239 Ga. 68, 70 (2) (235 SE2d 486) (1977). "[T]he discretion granted the trial court by OCGA § 5-6-41 (f) vests it with 'a necessary control over the designation and transmittal of both record and transcript.' [Cits.] The court's decision in such matters will not be reversed absent a manifest abuse of discretion. . . ." *Washburn v. Sardi's Restaurants*, 191 Ga. App. 307, 311 (7) (381 SE2d 750) (1989). No abuse is shown.

The portions designated by defendant were substantial because

they included six depositions and two groups of exhibits as well as two orders. The additional designation was prompted by plaintiff's notice of appeal, which stated that he appealed not only from the final judgment but also from the partial summary judgment for defendant on the issue of libel. (In fact, it was pursued on appeal. See Division 1.) The trial court did not err in concluding that the record upon which the summary judgment was based would be necessary for appellate review, as the obligation of both the trial court and appellate court is to consider the entire record when such a motion is ruled on. OCGA § 9-11-56 (c); *Lawson v. Duke Oil Co.*, 155 Ga. App. 363, 364 (270 SE2d 898) (1980); *Sacks v. Bell Telephone Laboratories*, 149 Ga. App. 799, 800 (1) (256 SE2d 87) (1979).

The court's suggestion, that if plaintiff did not pursue his appeal of the grant of partial summary judgment defendant's designation at plaintiff's expense would not be allowed, did not amount to improper judicial coercion in contravention of plaintiff's right to appeal. Instead, it constituted an effort to resolve realistically by the parties' compromise the contest over who should pay for the additional record portions. By doing so it clearly pointed out to plaintiff that it was that portion of the appeal which necessitated the addition. When there is a dispute about the record, the trial court is to assure that the record contains all the material "deemed necessary to a decision on the points of error raised by the litigants," that is, the material necessary for the appellate court to "properly understand [and] pass on his rulings." *G. E. C. Corp. v. Southern Fabricators*, 122 Ga. App. 452, 453 (1) (a) (177 SE2d 497) (1970). As indicated in that case, the trial court's opinion on this matter governs, unless "none of the litigants feel such evidence is necessary in this court." Id.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED APRIL 8, 1991 —
RECONSIDERATION DENIED JULY 30, 1991 — ▮▮▮▮▮▮▮▮▮

*Elizabeth Pelypenko*, for appellant.
*Benjamin C. Sumner*, pro se.
*Kennedy, Lewis, Smart & Brannon, Charles W. Brannon, Jr., Hunter, MacLean, Exley & Dunn, Roland B. Williams*, for appellee.