A93A1721. ALCOVY PROPERTIES, INC. et al. v. MTW INVESTMENT COMPANY.
(441 SE2d 288)

JOHNSON, Judge.
MTW Investment Company filed a complaint and notice of lis pendens seeking, inter alia, the cancellation of deeds conveying real property to Alcovy Properties, Inc., and Trustees of Lassiter Properties, Inc. Pension Plan. Alcovy and Lassiter filed various counterclaims. The trial court granted summary judgment to Alcovy and Lassiter as to MTW's complaint. The Georgia Supreme Court affirmed that ruling without an opinion. The trial court then entered an order granting MTW's motion to dismiss the defendants' pending counterclaims for failure to state any claims upon which relief can be

granted. Alcovy and Lassiter jointly filed a direct appeal from that order. This court, in an unpublished opinion, found that the direct appeal was improper and dismissed it for lack of jurisdiction. Thereafter, the trial court modified its order dismissing the counterclaims, expressly finding that there is no just reason for delay and directing that the order be entered as a final judgment under OCGA § 9-11-54 (b), from which Alcovy and Lassiter may directly appeal. Alcovy and Lassiter filed a timely appeal from that order.

1. Alcovy and Lassiter complain that the trial court erred in dismissing their counterclaims for slander of title to land. This complaint is without merit because their slander of title counterclaims are based on statements made by MTW in its complaint and notice of lis pendens, which are privileged. "All charges, allegations, and averments contained in regular pleadings filed in a court of competent jurisdiction, which are pertinent and material to the relief sought, whether legally sufficient to obtain it or not, are privileged. However false and malicious such charges, allegations, and averments may be, they shall not be deemed libelous." OCGA § 51-5-8; see *Panfel v. Boyd*, 187 Ga. App. 639, 646-647 (4) (371 SE2d 222) (1988). The court did not err in dismissing the slander of title counterclaims. Compare *South River Farms v. Bearden*, 210 Ga. App. 156, 158 (435 SE2d 516) (1993).

2. Alcovy argues that the trial court erred in failing to grant its motion to add an abusive litigation counterclaim pursuant to *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414) (1986). As Alcovy notes in both its brief and reply brief, the trial court never ruled on this motion. "Absent a ruling by the trial court, there is nothing for this court to review. [Cits.]" *Krause v. Vance*, 207 Ga. App. 615, 620 (11) (428 SE2d 595) (1993).

3. In their third enumeration of error, Alcovy and Lassiter contend that the court erred in dismissing both of their counterclaims for abusive litigation pursuant to *Yost v. Torok*, supra. Because, as stated in Division 2 of this opinion, the trial court did not rule on Alcovy's motion to add such a counterclaim, Alcovy never had a pending *Yost* claim for the court to dismiss. This enumeration is therefore inapplicable to Alcovy.

Lassiter, however, did have a pending *Yost* claim which the trial court dismissed for failure to state a claim.[1] "A pleading should not be dismissed for failure to state a claim unless it appears beyond a doubt that the pleader can prove no set of facts in support of his claim which would entitle him to relief." (Citations and punctuation

---

[1] Because Lassiter's *Yost* counterclaim was filed prior to April 3, 1989, the exclusive remedy provision of the abusive litigation statute is inapplicable. OCGA § 51-7-85; *Seckinger v. Holtzendorf*, 200 Ga. App. 604, n. 1 (409 SE2d 76) (1991).

omitted.) *Hyer v. C & S Nat. Bank &c.*, 188 Ga. App. 452, 454 (2) (373 SE2d 391) (1988). Lassiter claims that MTW's complaint was substantially frivolous, groundless and vexatious because MTW completely lacked any legitimate legal claim to the property in question and merely filed the complaint to gain leverage in a personal dispute with a third party. If Lassiter can prove this set of facts, it might be entitled to relief for abusive litigation. Because it does not appear beyond a doubt that Lassiter can prove no set of facts in support of its claim, the trial court erred in dismissing Lassiter's *Yost* counterclaim.

4. Alcovy and Lassiter argue that they are entitled to punitive damages based on their slander of title and *Yost* counterclaims. This argument is without merit. As discussed above in Division 1, the trial court properly dismissed the appellants' slander of title claims, which therefore provide no basis for seeking punitive damages. Moreover, "[i]n an abusive litigation claim governed by *Yost v. Torok*, punitive damages are excluded, as the tort itself is designed as a deterrent." (Citation and punctuation omitted.) *Rice v. Cropsey*, 203 Ga. App. 272, 273 (2) (416 SE2d 786) (1992).

5. Alcovy's complaint that the court erred in dismissing its counterclaim for expenses of litigation pursuant to OCGA § 13-6-11 is without merit. "Attorney's fees and expenses of litigation pursuant to OCGA § 13-6-11 are not available to a defendant in the absence of a viable independent counterclaim asserting a claim for relief independent of the assertion of the plaintiff's harassment, litigiousness and bad faith in bringing suit." (Citations and punctuation omitted.) *White v. Lance H. Herndon, Inc.*, 203 Ga. App. 580, 581 (4) (417 SE2d 383) (1992). Because Alcovy has made no showing that it asserted a viable counterclaim for relief independent of its claim of MTW's stubborn litigiousness and bad faith, expenses of litigation pursuant to OCGA § 13-6-11 are not available to Alcovy.

6. Alcovy and Lassiter contend that the court erred in finding that the entire record is necessary to this appeal and ordering them to pay the cost of preparing the record. "The discretion granted the trial court by OCGA § 5-6-41 (f) vests it with a necessary control over the designation and transmittal of both record and transcript. The court's decision in such matters will not be reversed absent a manifest abuse of discretion." (Citations and punctuation omitted.) *Sumner v. First Union Nat. Bank of Ga.*, 200 Ga. App. 729, 731 (6) (409 SE2d 212) (1991). We find no manifest abuse of discretion by the trial court and therefore its decision will not be reversed.

*Judgment affirmed in part, reversed in part. McMurray, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 16, 1994.

*Wm. Thomas Craig, James E. Spence, Jr.*, for appellants.
*Awtrey & Parker, Dana L. Jackel, Glass, McCullough, Sherrill & Harrold, Geoffrey H. Cederholm III, Deborah L. Britt*, for appellee.