S10F0299. SPONSLER v. SPONSLER.
(699 SE2d 22)

MELTON, Justice.
Following a bench trial, Jeffery Sponsler (Husband) and April Sponsler (Wife) were divorced pursuant to a Final Judgment and Decree of Divorce entered on June 16, 2009. The final decree was based, in part, upon various terms that Husband and Wife had agreed to at the final hearing on their divorce, and based on findings made by the trial court after considering the evidence presented by the parties on the remaining contested issues at the hearing. Husband filed an application to appeal with this Court, contending that the trial court erred by making the parties' purported settlement agreement part of the final divorce decree, and that the trial court erred in denying his request for attorney fees. We granted Husband's application for discretionary appeal in this divorce case

pursuant to this Court's Family Law Pilot Project, under which this Court will grant all non-frivolous discretionary applications seeking review of a final decree of divorce. *Maddox v. Maddox*, 278 Ga. 606, n. 1 (604 SE2d 784) (2004). For the reasons that follow, we affirm.

The record reveals that, prior to the marriage, Husband owned a home and had financial assets including a 401(k) and several bank accounts. During the marriage, Husband and Wife purchased a marital home and a bar, the Will Henry Tavern (the "Tavern"). The couple did not have children. After twelve years of marriage, Wife filed a petition for divorce in the Superior Court of Gwinnett County on August 15, 2007.

At the start of the February 19, 2009 bench trial to resolve the divorce, Husband called an expert witness to testify about the value of the Tavern. After the expert's testimony, the court took a short recess. Based on discussions between the parties and the trial judge during the recess, the parties indicated that they had reached an agreement as to some of the issues in their divorce. Following the recess, both Husband and Wife testified under oath that they "underst[ood that] there have been pretrial conferences and settlement negotiations that [were] about to [be] set forth on the record before the court." The trial court then asked the parties "who wants to put the agreement at this point on the record," and Wife's attorney volunteered to do so. While Wife's attorney began to state the terms of the agreement, the trial court emphasized that, although it was in the parties' best interests to settle,

> if either one of [them] feels like [they]'ve been forced to enter into this agreement or [they] didn't enter into this agreement, [they] need[ed] to say something now before [Wife] put[ ] it all in the record because this was not a ruling by the Court and th[e] order w[ould] reflect this was an agreement by the parties.

Neither party objected when the judge affirmed that it was her understanding that there was an agreement between the parties, and at no time during Wife's recitation of the parties' agreement did Husband object or even suggest that he did not think there was a binding agreement as to the items mentioned. After the agreed-to terms had been stated on the record, Wife took the stand and reaffirmed that she understood the terms of the parties' agreement. The court then took evidence as to the remaining contested issues, which involved the parties' 2007 taxes, a Fidelity stock account, some personal items, and furniture.

After presenting evidence on the 2007 taxes and the Fidelity account, the parties took a ten-minute break to compile lists of the

personal property that each of them wanted to keep. The court guided the parties through a division of the assets. Afterwards, the judge asked, "Anything else that hasn't been divided?" to which Husband's attorney replied, "No, ma'am."

Following the bench trial, Wife's attorney was supposed to prepare a final order that would be submitted by the parties to the trial court by April 1, 2009. In the meantime, the parties submitted requests for attorney fees to the trial court by letter brief. The April 1 deadline for submission of an order passed, and the parties never submitted a final order to the trial court.

On June 16, 2009, the trial court entered a Final Judgment and Decree of Divorce based upon its review of the record of the agreed-to terms of the settlement, and based upon the evidence that had been presented on the remaining contested issues at the bench trial. In that same order, the trial court denied both parties' requests for attorney fees. Husband filed a Motion to Set Aside the Final Judgment and a Motion for Reconsideration on July 15, 2009. While these motions were pending, Husband filed the application for discretionary appeal that was granted by this Court.

1. Husband contends that the trial court erred in making the alleged oral agreement of the parties at trial a part of the court's final order, because the terms of the agreement were still in dispute. The record, however, belies this assertion. Husband knew that the agreement reached between the parties during a court recess would constitute a final resolution of the issues upon which the parties agreed, and in fact testified that he knew that the agreement would be "set forth on the record before the court." Husband also did not object to any of the terms of the agreement when those terms were stated on the record. The trial court was authorized to find that an agreement existed between the parties, and was accordingly authorized to make that agreement part of the court's final decree. See *Little v. Little*, 236 Ga. 102, 103 (1) (222 SE2d 384) (1976) (A "trial court [is] authorized to approve the terms of [an] oral settlement agreed to by the parties and to . . . incorporate it in the final decree") (citation omitted).[1]

2. An award of attorney fees as part of the expenses of litigation is left to "the sound discretion of the trial court, except that the court shall consider the financial circumstances of both parties as a part of its determination of the amount of attorney fees, if any, to be allowed against either party." OCGA § 19-6-2 (a) (1). Here, "[t]he record

---

[1] In this regard, Husband's enumeration in which he challenges the division of property as reflected in the parties' agreement is also without merit, as Husband's argument with respect to that enumeration is entirely dependent upon his erroneous contention that no agreement actually existed between the parties.

and the transcript of the final hearing establish the trial court properly considered the relative financial positions of the parties" (*Rieffel v. Rieffel*, 281 Ga. 891, 893 (1) (644 SE2d 140) (2007)), and "we find no abuse of the trial court's sound discretion in its denial of any attorney fees to [Husband]." *Mixon v. Mixon*, 278 Ga. 446, 447 (2) (603 SE2d 287) (2004).[2]

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 28, 2010 —
RECONSIDERATION DENIED JULY 26, 2010.

*Brown & Gill, Angela B. Dillon*, for appellant.
*James E. Tramel III, Margaret G. Washburn*, for appellee.

---

[2] To the extent that Husband argues that he was entitled to attorney fees pursuant to OCGA § 13-6-11, such argument is without merit, as Husband is neither a plaintiff in a civil action nor a defendant in a civil action who has pursued an independent counterclaim. See OCGA § 13-6-11 ("[W]here the plaintiff has specially pleaded and has made prayer [for attorney fees and expenses of litigation] and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow [such expenses]"); *Byers v. McGuire Properties*, 285 Ga. 530, 540 (6) (679 SE2d 1) (2009) ("[A] plaintiff-in-counterclaim cannot recover attorney fees under OCGA § 13-6-11 unless he asserts a counterclaim which is an independent claim that arose separately from or after the plaintiff's claim") (citations omitted). Husband is a defendant in a divorce action, and the only legitimate statutory basis that he asserted for the imposition of attorney fees here was under OCGA § 19-6-2 (a) (1).