A10A2194. SUGARLOAF MILLS LIMITED PARTNERSHIP OF GEORGIA v. RECORD TOWN, INC.

(701 SE2d 881)

BLACKBURN, Senior Appellate Judge.

On remand from a prior appeal of this case, the trial court addressed the defendant's counterclaim for attorney fees and awarded approximately $70,000 to defendant. The plaintiff appeals,

---

contending that the trial court erred in conducting an evidentiary hearing on the attorney fees, and in awarding attorney fees based on a contractual provision and based on OCGA § 13-6-11. Discerning no harmful error, we affirm.

The landlord of Discover Mills Mall (Sugarloaf Mills Limited Partnership of Georgia) filed a dispossessory action against a tenant (Record Town, Inc.) on the ground of nonpayment of rent in that the tenant, who had made monthly rental payments, nevertheless had failed to pay its portion of certain utility charges as required by the lease. The tenant answered, claiming that the lease was amended to exclude its obligation to pay for utilities. The tenant also counterclaimed to recover utility payments it had mistakenly paid since the amendment and to recover attorney fees under OCGA § 13-6-11. Following a bench trial, the court found in favor of the landlord, awarding it more than $33,000 and issuing a writ of possession.

On appeal, we reversed, holding that the lease as amended relieved the tenant from paying the utility charges. *Record Town v. Sugarloaf Mills &c.*[1] In addition to reversing the judgment and the writ of possession, we directed the trial court "to address the claims presented in [tenant's] counterclaim." Id. at 371 (4).

On remand, the trial court (over objection from the landlord) conducted a new trial to address the counterclaim issues. The tenant had conceded at the first trial that its claim for mistakenly paid utility charges was not viable, in that it had offset a pre-suit monthly rent payment to the landlord to account for the mistake, and that therefore its only viable counterclaim was for attorney fees. Thus, at the second trial, the tenant in its opening statement argued that it intended to present only evidence of attorney fees to be awarded under OCGA § 13-6-11 and also under a contractual provision of the amended lease allowing the prevailing party to recover attorney fees. Based on the evidence presented, the trial court awarded the tenant approximately $70,000 in attorney fees, citing as the basis both OCGA § 13-6-11 and the contractual provision. The landlord appeals.

1. The landlord complains that the trial court erred in conducting an evidentiary hearing on the attorney fees issue in that the tenant should have presented this evidence in the first trial as part of its counterclaim. The landlord maintains that on remand, the court should have addressed the issue by relying only on the evidence presented at the first trial (which, the landlord notes, failed to include any evidence as to the amount of attorney fees). The landlord reasons that allowing the tenant to present such essential evidence

---

[1] *Record Town v. Sugarloaf Mills &c.*, 301 Ga. App. 367 (687 SE2d 640) (2009).

at a second trial gave the tenant a "second bite at the apple" to make up an evidentiary deficiency. We disagree.

*Strickland & Smith, Inc. v. Williamson*[2] involved a civil case where we had earlier reversed a damages award for lost profits because the plaintiff S & S had failed to present any evidence of anticipated expenses in proving its lost profits. On remand, the trial court refused to conduct a new trial so that S & S could show those anticipated expenses, apparently reasoning that S & S's failure to submit all needed evidence for damages in the first trial precluded S & S from having that opportunity on remand. Id. at 784-785. On appeal following the judgment denying S & S's claim, we reversed, holding:

> As a general rule, where there is a judgment of reversal but no express direction of the appellate court to the lower court, the case stands as reversed, and *a new trial must be had on the issues therein raised. When an appellate court reverses a judgment, the effect is to nullify the judgment below and place the parties in the same position in which they were before judgment. . . .*
>
> We do not agree with Williamson that this holding gives S & S "a second bite at the apple," as Williamson chose not to move for a directed verdict. If Williamson had moved for a directed verdict on the basis that S & S had not adequately proven damages, S & S could have sought to reopen its case and present additional proof, if it had any.

Id. at 785. (Punctuation and footnotes omitted; emphasis supplied.)

Here, the landlord chose not to move to dismiss the tenant's counterclaim at the first bench trial (which would have essentially been the equivalent to moving for a directed verdict in a jury trial — see *Meacham v. Franklin-Heard County Water Auth.*[3]) on the specific ground that the tenant failed to prove the amount of damages for its attorney fees counterclaim. Thus, the tenant was not alerted to the need to reopen its case to cure this problem. As in *Williamson*, we hold that this decision by the landlord meant that following reversal and remand (absent contrary direction from this Court), the trial court was required to allow the tenant to prove those fees at a second trial. See OCGA § 5-5-49 (a); *Worley v. Travelers Indem. Co.*[4] Cf.

---

[2] *Strickland & Smith, Inc. v. Williamson*, 281 Ga. App. 784 (637 SE2d 170) (2006).

[3] *Meacham v. Franklin-Heard County Water Auth.*, 302 Ga. App. 69, 74 (1) (690 SE2d 186) (2009).

[4] *Worley v. Travelers Indem. Co.*, 121 Ga. App. 179, 180 (173 SE2d 248) (1970).

*Aldworth Co. v. England*[5] (where appellant prevails on appeal, appellant's failure to move for directed verdict below bars appellant from judgment as a matter of law but instead allows a new trial on the issue).

2. The landlord contends that the trial court erred in awarding attorney fees under OCGA § 13-6-11. We agree but hold that inasmuch as attorney fees were authorized under the contractual provision, this error was harmless.

"As a general rule, only a plaintiff is authorized to recover attorney fees under OCGA § 13-6-11. But where a defendant asserts an independent counterclaim, he may recover litigation expenses under OCGA § 13-6-11 in connection with that claim." (Punctuation omitted.) *Whitaker v. Houston County Hosp. Auth.*[6] Specifically, "a plaintiff-in-counterclaim cannot recover attorney's fees under OCGA § 13-6-11 unless he asserts a counterclaim which is an independent claim *that arose separately from or after the plaintiff's claim.*" (Emphasis supplied.) *Byers v. McGuire Properties.*[7] See *Sponsler v. Sponsler;*[8] *Sanders v. Brown.*[9] Moreover, the independent counterclaim must be viable. *Alcovy Properties v. MTW Investment Co.*[10]

The tenant's counterclaim here was neither independent nor viable. The counterclaim did not arise separately from or after the plaintiff's claim; rather, it arose out of the same amended lease that was the basis for the dispossessory action. The answer asserted that the reason for the nonpayment of the main claim was that the amended lease did not require the tenant to pay utilities and that therefore the tenant was also entitled to recover counterclaim damages for having mistakenly paid some of such utilities. Indeed, in its brief, the tenant concedes: "The defense of the dispossessory and the prosecution of the counterclaim were one and the same. . . ." As a compulsory counterclaim that arose out of the same facts as the complaint, the counterclaim was not independent and therefore could not support an award of attorney fees under OCGA § 13-6-11. *Sanders*, supra, 257 Ga. App. at 570 (c).

Nor was the claim viable. At the first trial, the tenant readily admitted and the evidence undisputedly showed that the tenant had

---

[5] *Aldworth Co. v. England*, 281 Ga. 197, 198-201 (2) (637 SE2d 198) (2006).

[6] *Whitaker v. Houston County Hosp. Auth.*, 272 Ga. App. 870, 873 (1) (613 SE2d 664) (2005).

[7] *Byers v. McGuire Properties*, 285 Ga. 530, 540 (6) (679 SE2d 1) (2009).

[8] *Sponsler v. Sponsler*, 287 Ga. 725, 728 (2), n. 2 (699 SE2d 22) (2010).

[9] *Sanders v. Brown*, 257 Ga. App. 566, 570 (c) (571 SE2d 532) (2002).

[10] *Alcovy Properties v. MTW Investment Co.*, 212 Ga. App. 102, 104 (5) (441 SE2d 288) (1994).

deducted the mistakenly paid utility charges from a rent check and therefore was due nothing under the counterclaim. The tenant repeated these facts to the court during the second trial and explained that it therefore was seeking recovery of attorney fees only. With the counterclaim lacking viability, a second essential element for recovering attorney fees under OCGA § 13-6-11 was also absent.

The trial court erred in awarding attorney fees under OCGA § 13-6-11.

3. Nevertheless, we affirm, as the court's second, separate reason for awarding attorney fees stands. See *Shapiro v. Lipman*[11] ("a judgment right for any reason must be affirmed"). Contrary to the landlord's argument, the court properly considered and ruled on the amended lease provision allowing attorney fees to the prevailing party.

The landlord seeks to avoid the application of this lease provision on two grounds. First, the landlord claims that the attorney fees provision was contained only in the first amendment to the lease and therefore did not apply to disputes over the rent or utilities due under the original lease or under the second and third amendments to the lease. This argument is without merit.

The first amendment to the lease, which contained the provision allowing the prevailing party to recover attorney fees, expressly stated that it was amending and becoming a part of the original lease. The second amendment to the lease, which contained the language relieving the tenant of the duty to pay utilities, reaffirmed the lease as amended by the first amendment and expressly stated that except as amended by the second amendment, all provisions of the lease as amended by the first amendment were of full force and effect (which would have necessarily included the attorney fees provision). Similarly, the third amendment also reaffirmed the effectiveness of all provisions of the lease as amended by the first and second amendments, except as expressly amended by the third amendment. Thus, each succeeding amendment reaffirmed all portions of the lease as amended except to the extent that the new amendment modified same. The argument that the attorney fees provision of the first amendment applied only to disputes involving exclusively the provisions of that particular amendment simply makes no sense and contravenes the language of the amendments.[12]

---

[11] *Shapiro v. Lipman*, 259 Ga. 85, 86 (377 SE2d 673) (1989).

[12] The landlord further argues that the first amendment's reference to attorney fees being recoverable for "any alleged breach of any provision of this Agreement" restricted recovery only to disputes involving the first amendment alone. Even if this argument had merit, which it does not, it ignores that the provision goes on to authorize attorney fees for the prevailing party on claims "to enforce, protect or establish any right or remedy," without restricting such claims to rights and remedies under that particular amendment.

Second, the landlord argues that this contractual theory of recovering attorney fees was not asserted in the tenant's counterclaim and therefore could not serve as the basis for recovery. But "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." OCGA § 9-11-15 (b). "The test of implied amendment of pleadings should always be whether the opposing party had a fair opportunity to defend, offer evidence or was misled." (Punctuation omitted.) *Rockdale Body Shop v. Thompson.*[13]

Here, at the first trial, the tenant asserted that it was seeking attorney fees as the prevailing party. At the second trial, the tenant stated in its opening statement that in addition to seeking attorney fees under OCGA § 13-6-11, it was seeking and introducing evidence of attorney fees as recoverable under the lease provision. The landlord was not misled nor denied the opportunity to defend or offer evidence on the issue.

Tellingly, when the tenant began to introduce such evidence, the landlord's only objection was that discussed in Division 1 above — that a second trial should not have been conducted so as to allow the tenant to introduce additional evidence. Significantly, the landlord did not raise the lack of allegations in the counterclaim as a basis for objecting either to the tenant's opening statement nor to the tenant's evidence introduced in the second trial, even though the tenant expressly stated that it was pursuing a theory of recovery under the attorney fees provision of the amended lease. Only in its closing argument and in a post-trial brief did the landlord first make such arguments. Having failed to make a contemporaneous objection when the arguments were raised and the evidence introduced, the landlord implicitly consented to the amendment of the pleadings to include this claim and waived any objections thereto. See *Witty v. McNeal Agency*;[14] *Rockdale Body Shop*, supra, 222 Ga. App. at 823 (2).

Accordingly, the trial court did not err in awarding attorney fees under the contractual provision. Affirmance is required.

*Judgment affirmed. Barnes, P. J., and Senior Appellate Judge William LeRoy McMurray, Jr., concur.*

DECIDED SEPTEMBER 29, 2010.

*Arnall, Golden & Gregory, James A. Gober*, for appellant.

---

[13] *Rockdale Body Shop v. Thompson*, 222 Ga. App. 821, 823 (2) (476 SE2d 22) (1996).
[14] *Witty v. McNeal Agency*, 239 Ga. App. 554, 556 (1) (b) (521 SE2d 619) (1999).

*Carol V. Clark, James B. McClung*, for appellee.