**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**MCMILLIAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 13, 2020**

# In the Court of Appeals of Georgia

A19A2282. SPONSLER v. SPONSLER et al.
A19A2283. SPONSLER v. SPONSLER et al.

PHIPPS, Senior Appellate Judge.

These companion cases present the third and fourth appeals of this case filed by Jeffrey A. Sponsler ("Ex-husband") since the entry of the final decree effectuating his divorce from April Sponsler ("Ex-wife") in June 2009.[1] In the instant appeals, Ex-husband now challenges the trial court's contempt orders and fee awards entered after remand from the prior appeal in *Sponsler v. Sponsler*, 301 Ga. 600 (800 SE2d 564) (2017) (*"Sponsler II"*). In Case No. A19A2282, Ex-husband contends that (1) the

---

[1] The underlying facts and procedural history of this case are set forth in the Georgia Supreme Court's opinions issued in *Sponsler v. Sponsler*, 287 Ga. 725 (699 SE2d 22) (2010) (*"Sponsler I"*) and *Sponsler v. Sponsler*, 301 Ga. 600 (800 SE2d 564) (2017) (*"Sponsler II"*). Additional facts and procedural history are provided herein only when necessary to address the claims of error raised in the instant appeal.

trial court erred in imposing criminal contempt punishment post-remand, and (2) the trial court's imposition of criminal contempt punishment created a presumption of vindictiveness. In Case No. A19A2283, Ex-husband further contends that the trial court erred in (3) denying his request for reimbursement of the home equity line of credit ("HELOC") payments that he made after March 1, 2009; (4) awarding the Receiver additional fees under § 9-8-13; and (5) awarding attorney fees to Ex-wife under OCGA § 9-15-14 when it could not be determined how the lump sum award was calculated.

In Case No. A19A2282, we affirm the trial court's imposition of criminal punishment for Ex-husband's contempt. In Case No A19A2283, we also affirm the trial court's award of additional fees to the Receiver under OCGA § 9-8-13. But in accordance with the Supreme Court's decision in *Sponsler II*, we reverse the trial court's denial of Ex-husband's request for reimbursement of the HELOC payments. Moreover, we vacate the trial court's award of attorney fees to Ex-wife under OCGA § 9-15-14. In sum, the trial court's decisions are affirmed in part and reversed in part; this case must be remanded for reconsideration of the Ex-wife's attorney fees award.

The procedural and appellate history of this case reflects that the parties' divorce decree was entered on June 16, 2009. In the first appeal, "*Sponsler I*," the

Georgia Supreme Court affirmed the trial court's decisions to incorporate the parties' settlement agreement into the final divorce decree and to deny Ex-husband's motion for attorney fees. *Sponsler v. Sponsler*, 287 Ga. 725, 727-728 (1)-(2) (699 SE2d 22) (2010). In the second appeal, *Sponsler II*, the Georgia Supreme Court affirmed the trial court's finding that Ex-husband was in contempt of the divorce decree by failing to timely execute a quitclaim deed for a certain rental property (the "Rental Property") that had been awarded to Ex-wife in the divorce;[2] however, the Court reversed the trial court's imposition of the contempt remedy that required Ex-husband to make payments toward the HELOC for the Rental Property after March 1, 2009 because such was in direct contravention of the divorce decree. See *Sponsler v. Sponsler*, 301 Ga. 600, 602-604 (2) (a) (800 SE2d 564) (2017). The Court remanded the case for reconsideration of the trial court's award of attorney fees in the amount of $20,000.00 to Ex-wife pursuant to OCGA § 9-15-14 because it could not be determined whether

---

[2] The divorce decree required Ex-husband to execute a quitclaim deed, which would allow Ex-wife to sell or re-finance the Rental Property in her own name on or before March 1, 2010. See *Sponsler II*, 301 Ga. at 600-601 (1). The divorce decree also required Ex-husband to promptly prepare a Qualified Domestic Relations Order ("QDRO") to transfer $89,380 of a 401(k) retirement plan. See id. at 601 (1), fn. 5. Ex-husband did not execute the quitclaim deed and QDRO until more than four years later, in July 2013, after Ex-wife filed a motion for contempt. See id. 602 (2) (a), n. 7.

any part of that award flowed from the litigation of contempt remedies that had been reversed in that appeal. Id. at 605 (3).

In May 2018, after remand, Ex-husband filed a motion for revision of the Receiver's fees and a renewed motion for contempt based upon Ex-wife's failure to pay the HELOC for the Rental Property. Subsequently, in June 2018, the Rental Property was foreclosed by the bank because the HELOC payments were not made.

Thereafter, the Receiver filed a motion for attorney fees under OCGA § 9-8-13 for amounts incurred defending against Ex-husband's challenges to the Receiver's fee award. Ex-husband objected to the Receiver's motion.

On December 4, 2018, the trial court conducted a hearing on the remanded issues, the Receiver's motion for additional fees, and Ex-husband's renewed contempt motion. At the hearing, Ex-husband sought reimbursement for the HELOC payments he had made pursuant to the trial court's order that was reversed by *Sponsler II*. Following the hearing, the trial court entered a contempt order requiring Ex-husband to serve ten days of incarceration due to his delayed execution of the quitclaim deed and an additional ten days of incarceration due to his delayed

execution of the QDRO. In its final order, the trial court denied Ex-husband's renewed contempt motion, concluding that Ex-wife's inability to pay the HELOC was caused by Ex-husband's failure to promptly execute the quitclaim deed and QDRO after the divorce and that Ex-husband "[did] not come to the [c]ourt with clean hands." The trial court also denied Ex-husband's request for reimbursement of his HELOC payments.

The trial court further found that Ex-husband's post-remand actions and challenges had caused the Receiver to incur additional fees and expenses. Ex-husband was thus ordered to pay the Receiver an additional amount of $8,000 in fees and expenses pursuant to OCGA § 9-8-13.[3]

Finally, the trial court determined that the *Sponsler II* decision did not undermine its award of OCGA § 9-15-14 attorney fees to Ex-wife, and it increased her fee award to $30,000 for expenses incurred due to Ex-husband's "contumacious conduct and meritless litigiousness."

---

[3] The Receiver also sought attorney fees under OCGA § 9-15-14. The trial court did not award fees under this code section.

Ex-husband filed the instant appeals to challenge the trial court's post-remand orders and awards.[4]

*Case No. A19A2282*

1. Ex-husband first argues that the trial court erred when it imposed criminal contempt punishment in lieu of re-calculating the civil contempt remedies after remand of the *Sponsler II* decision. We disagree.

> Once an act is considered to constitute contempt of court, the action the court takes to remedy it determines whether the contempt is deemed criminal or civil. The distinction between the two is that criminal contempt imposes unconditional punishment for prior acts of contumacy, whereas civil contempt imposes conditional punishment as a means of coercing future compliance with a prior court order.

(Citation and punctuation omitted.) *Shooter Alley, Inc. v. City of Doraville*, 341 Ga. App. 626, 627 (1) (a) (800 SE2d 588) (2017).

To remedy Ex-husband's contempt for delaying his execution of the quitclaim deed and QDRO, the trial court's first contempt order required Ex-husband to expend

---

[4] In Case No. A19A2282, Ex-husband filed a direct appeal from the trial court's contempt order pursuant to OCGA § 5-6-34 (a) (2). In Case No. A191A2283, we granted Ex-husband's application for discretionary appeal pursuant to OCGA § 5-6-35 (a) (2).

$35,000 to bring the Rental Property back into marketable condition and to make payments on the HELOC until the Rental Property was sold. *Sponsler II* affirmed the trial court's contempt finding, but reversed the civil contempt remedies that were imposed. *Sponsler II*, 301 Ga. at 603-604 (2) (a). In its decision, the Supreme Court explained that the trial court was not authorized to hold Ex-husband responsible for repairs, HELOC and taxes for the Rental Property after March 1, 2009, based on the divorce decree's terms. Id. at 603 (2) (a). The Court mentioned, however, that Ex-Husband "might be held responsible for damages and repairs prior to that operative date." Id.

Generally, under the law of the case rule, "any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be." OCGA § 9-11-60 (h). But

> [a]n exception to the rule that will permit issues to be relitigated after appeal is when the evidentiary posture of the case changes. The evidentiary posture of a case changes so as to bar application of the law of the case rule when the original evidence submitted is found to be insufficient, and the deficient evidence is later supplemented. Thus, if subsequent to an appellate decision, the evidentiary posture of the case

7

changes in the trial court, the law of the case rule does not limit or negate the effect that such change would otherwise mandate.

(Citations, punctuation and emphasis omitted.) *In re Spruell*, 237 Ga. App. 259, 260 (515 SE2d 190) (1999). After the reversal of the civil contempt remedies and remand of the case in *Sponsler II*, the evidentiary posture of the case changed. Significantly, in June 2018, the Rental Property was sold at a foreclosure sale and Ex-wife was no longer in possession of that property. Consequently, even if the Supreme Court previously had suggested that Ex-husband could be assessed for damages and repairs to the Rental Property accrued prior to March 1, 2009,[5] such a remedy could no longer serve the purpose of civil contempt–that is to obtain future compliance with the divorce decree. See generally *Shooter Alley*, 341 Ga. App. at 627-628 (1) (a). Because future compliance was no longer at issue, as required for civil contempt, the trial court was authorized to impose unconditional criminal punishment for Ex-husband's prior acts of contumacy. See OCGA § 15-6-8 (5) (granting superior courts the authority "[t]o punish [criminal] contempt by fines not exceeding $1,000.00, by

---

[5] We note that in *Sponsler II*, the Supreme Court did not expressly instruct the trial court to calculate a monetary remedy for the contempt. The Court's mention that Ex-husband "might be" held responsible for damages and repairs to the Rental Property that had accrued prior to the operative date of March 1, 2009, did not set forth a mandate as to such remedy. See *Sponsler II*, 301 Ga. at 603 (2) (a).

8

imprisonment not exceeding 20 days, or both"); *Hopkins v. Hopkins*, 244 Ga. 66, 67 (1) (257 SE2d 900) (1979) ("Criminal contempt with unconditional imprisonment may be used to preserve the court's authority and to punish disobedience of its orders"; compliance at the time of the hearing is not a valid defense to criminal contempt because "the trial court is punishing appellant for his past failure to obey the court's order.").

2. Ex-husband further argues that the trial court's imposition of criminal contempt remedies violated the presumption of vindictiveness under *North Carolina v. Pearce*, 395 U. S. 711 (89 SCt 2072, 23 LE2d 656) (1969). Again, no error has been shown.

As explained in *Pearce*, "due process of law requires that vindictiveness must play no part in the resentencing of one who has successfully appealed his original conviction[.]" *Ga. Real Estate Comm. v. Horne*, 141 Ga. App. 226, 232 (3) (233 SE2d 16) (1977). The presumption of vindictiveness is rooted in the concept of due process. See *Pearce*, 395 U. S. at 725 (II) (C). Because due process applies in criminal contempt proceedings, the prohibition against post-appeal vindictiveness likewise applies. Cf. *Hedquist v. Hedquist*, 275 Ga. 188, 189 (563 SE2d 854) (2002) ("The constitutional right to due process applies in criminal contempt proceedings because

9

a conviction can result in the loss of liberty and the levy of a penal fine.") (footnote omitted). When a presumption of vindictiveness arises, it may be rebutted by objective information justifying the increased punishment. See *Alabama v. Smith*, 490 U. S. 794, 799 (109 SCt 2201, 104 LE2d 865) (1989). In the absence of a reasonable likelihood that the increase in punishment is the product of actual vindictiveness on the part of the trial court, the burden remains on the defendant to prove actual vindictiveness. Id. at 799-800.

Contrary to Ex-husband's contention, the trial court's imposition of criminal contempt punishment does not indicate post-appeal vindictiveness in this case. As explained in Division 1 above, post-remand of *Sponsler II*, civil contempt remedies were no longer applicable because Ex-wife had lost possession of the Rental Property in the foreclosure. Any presumption of vindictiveness arising from the imposition of criminal contempt punishment was rebutted by objective evidence establishing the change in circumstances that existed after remand. There was no error.

*Case No. A19A2283*

3. Ex-husband also claims that the trial court erred in failing to grant him reimbursement for the HELOC payments that he had made after March 1, 2009

pursuant to the trial court's prior contempt order. In light of the reversal in *Sponsler II*, we agree.

"When a judgment is reversed and the case is remanded to the trial court with direction, it is the duty of the trial court in good faith to carry into full effect the mandate of th[e] [appellate] court." (Citation and punctuation omitted.) *Long v. Long*, 307 Ga. App. 790, 791 (706 SE2d 152) (2011). "The rulings of our appellate courts are binding on the trial court in all subsequent proceedings in the case." (Citation omitted.) *Gold Kist v. Wilson*, 247 Ga. App. 107, 111 (542 SE2d 126) (2000). The trial court is required to enter an appropriate disposition that reconciles with the Supreme Court's ruling. *Shadix v. Carroll County*, 274 Ga. 560, 563 (1) (554 SE2d 465) (2001).

As confirmed in *Sponsler II*, the terms of the parties' divorce decree required Ex-wife to be responsible for the HELOC payments after March 1, 2009. *Sponsler II*, 301 Ga. at 603 (2) (a). The Supreme Court expressly ruled that the trial court erred in holding Ex-husband equally responsible for the HELOC payment and taxes on the Rental Property after March 1, 2009, which was directly contrary to the terms of the divorce decree. Id. "When one party is responsible under a divorce decree for a cost which the other party actually pays, then the responsible party clearly has an implied

11

obligation to reimburse the other party." *Floyd v. Floyd*, 291 Ga. 605, 610 (2) (732 SE2d 258) (2012). The uncontroverted evidence reflects that Ex-husband made $26,987.12 in HELOC payments after March 1, 2009 pursuant to the trial court's erroneous order. In keeping with the Supreme Court's ruling in *Sponsler II* and to fulfill the terms of the divorce decree, Ex-husband was entitled to reimbursement for the HELOC payments that he made after March 1, 2009. Therefore, the trial court erred by denying Ex-husband's request for reimbursement.

4. Next, Ex-husband challenges the trial court's post-remand order awarding the Receiver $8,000.00 in additional fees under OCGA § 9-8-13.[6] Ex-husband contends that none of the narrow circumstances allowing an award of fees under OCGA § 9-8-13 apply in this case.

Contrary to Ex-husband's contention, OCGA § 9-8-13 (c) applies and pertinently provides that "[i]n all cases, the presiding judge . . . shall allow such compensation . . . to the receiver or receivers appointed . . . as their services are reasonably worth." Subsection (c) applies to all cases in which a receiver is

---

[6] On January 20, 2015, the trial court awarded the Receiver fees and expenses in the amount of $16,152.19, to be paid equally by both Ex-husband and Ex-wife. On March 22, 2016, the trial court amended the order to require Ex-husband to pay the entire Receiver's award. The Supreme Court did not disturb the Receiver's award on appeal in *Sponsler II*. See *Sponsler II*, 301 Ga. at 604 (2) (a), fn. 9.

appointed. See *Industrial Distribution Group v. Waite*, 268 Ga. 115, 117 (2) (485 SE2d 792) (1997). When a trial court appoints a receiver and an attorney to assist the receiver, fees may be awarded and apportioned for the receiver and his attorney. Cf. *First Fed. Sav. & Loan Assn. v. Stephens*, 226 Ga. 867, 867-868 (178 SE2d 170) (1970) (affirming trial court's award and apportionment of fees to an appointed receiver and his attorney).

Here, the trial court entered an order on November 22, 2013, appointing Kevin S. Kovalchik as the Receiver. The order further authorized the Receiver to hire the firm Thompson, O'Brien, Kemp & Nasuti, P.C. as attorneys authorized "to act on behalf of the Receiver in all matters related to or arising out of the duties of the Receiver[.]" The Receiver's counsel filed an affidavit and invoices detailing the additional fees and expenses incurred in protecting the Receiver's interests and defending against Ex-husband's challenges after remand of *Sponsler II*. We will not disturb the trial court's imposition of a receiver's fees and administrative expenses unless a manifest abuse of discretion is shown. See *Edwards v. United Food Brokers*, 196 Ga. 241, 251 (2) (26 SE2d 348) (1943). No manifest abuse of discretion has been shown in the trial court's post-remand award of the Receiver's fees in this case.

5. Lastly, Ex-husband argues that the trial court erred in awarding Ex-wife a lump sum attorney fee award in the amount of $30,000 under OCGA § 9-15-14. We agree that the trial court's unapportioned award was improper.

Under OCGA § 9-15-14 (a), the court shall award fees against a party that asserted a defense or other position with "such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the … defense, or other position." Under OCGA § 9-15-14 (b), the court may award fees against a party that "brought or defended an action, or any part thereof, that lacked substantial justification" or "unnecessarily expanded the proceeding by other improper conduct[.]" Moreover, "[i]n cases involving OCGA § 9-15-14 (a) or (b), the trial court must limit the fees award to those fees incurred because of the sanctionable conduct. Lump sum or unapportioned attorney fees awards are not permitted in Georgia." (Punctuation and footnote omitted.) *Razavi v. Merchant*, 330 Ga. App. 407, 410 (1) (c) (765 SE2d 479) (2014).

In its prior contempt order, the trial court detailed Ex-husband's abusive litigation and concluded that he was liable for $20,000 in attorney fees under OCGA § 9-15-14. In *Sponsler II*, the Supreme Court vacated this fee award on the basis that it was not properly apportioned. See *Sponsler II*, 301 Ga. at 605 (3) ("[f]rom the trial

14

court's order . . . it cannot be determined whether any part of that award flowed from Ex-husband's litigation of the remedies for contempt that have been reversed in this opinion."). Following remand, the trial court increased the award of fees to $30,000. The trial court's order failed to reflect how it calculated the $30,000 amount, "i.e., it did not identify which billing entries and specific amounts pertained to the unsuccessful efforts and were being subtracted from the overall attorney fees total . . . so as to reach the [$30,000] amount. We need such detail for proper review." (Punctuation and footnote omitted.) *Razavi*, 330 Ga. App. at 410 (1) (c). Although the trial court's order indicated that it excluded improper amounts under OCGA § 9-15-14, it failed to detail the amounts allegedly excluded. The billing records submitted by Ex-wife's counsel after remand do not delineate or apportion the fees to exclude the amounts related to the litigation of the claims that were reversed in *Sponsler II*. Under these circumstances, we must vacate the attorney fees award and remand the

case for apportionment and re-calculation of the amount consistent with this opinion and *Sponsler II*. See *Razavi*, 330 Ga. App. at 410 (1) (c).

*Judgment affirmed in Case No. A19A2282. Judgment affirmed in part and reversed in part in Case No. A19A2283, and case remanded with direction. McFadden, C. J., and McMillian, P. J., concur.*