308 Ga. 404
FINAL COPY

S19G0473.  SRM GROUP, INC. v. TRAVELERS PROPERTY
CASUALTY COMPANY OF AMERICA.

BETHEL, Justice.

We previously held in *Byers v. McGuire Properties, Inc.*, 285 Ga. 530, 540 (6) (679 SE2d 1) (2009), that a counterclaimant asserting an independent compulsory counterclaim could not seek attorney fees and litigation expenses under OCGA § 13-6-11. For the reasons explained below, we now conclude that holding was erroneous.  A defendant who brings a counterclaim against a plaintiff becomes the plaintiff as to that counterclaim.  Thus, a plaintiff-in-counterclaim asserting an independent claim may seek, along with that claim, attorney fees and litigation expenses under OCGA § 13-6-11, regardless of whether the independent claim is permissive or compulsory.  We find no compelling reason under a stare decisis analysis to cling to the holding in *Byers*.  Accordingly, we overrule our holding in *Byers* and in *Sponsler v. Sponsler*, 287

Ga. 725, 728 (2) n.2 (699 SE2d 22) (2010), where we followed *Byers* in a footnote, and similar holdings by the Court of Appeals. And we reverse the part of the opinion of the Court of Appeals in this case that follows *Byers*.

1. *Background.*

The facts, as set forth by the Court of Appeals, are as follows:

> Travelers Property Casualty Company of America ("Travelers") filed suit against SRM Group, Inc. ("SRM"), seeking to recover unpaid premiums due under a workers' compensation insurance policy. In response, SRM asserted counterclaims against Travelers for breach of contract, breach of duty of good faith and fair dealing, and attorney fees based on Travelers' audit of SRM's employee risk classifications and subsequent refusal to reclassify those employees, which resulted in a substantial retroactive increase in the premium. Following a four-day trial, the jury awarded $174,858 in damages to Travelers based on SRM's failure to pay some of the alleged increased premium due under the policy. However, the jury found that Travelers had also breached the contract and acted in bad faith in conducting the audit and in subsequently refusing to reclassify certain SRM employees. Accordingly, the jury awarded damages to SRM in the aggregate sum of $174,858, which consisted of $57,858 for the breach and $117,000 in bad faith attorney fees. Travelers filed a motion for judgment notwithstanding the verdict or, in the alternative, motion for new trial. Following a hearing, the trial court denied the motions.

*Travelers Prop. Casualty Co. of America v. SRM Group, Inc.*, 348 Ga. App. 136, 136-137 (820 SE2d 261) (2018).

Travelers appealed, contending that the trial court erred in denying the motion for judgment notwithstanding the verdict on SRM's counterclaims for breach of contract and bad faith attorney fees, and in denying the motion for new trial. The Court of Appeals affirmed the verdict in favor of SRM, but in Division 2 of its opinion reversed the verdict against Travelers on SRM's counterclaim for attorney fees pursuant to OCGA § 13-6-11 because the request for attorney fees was based on a compulsory counterclaim for breach of contract that was not independent of Travelers' claim for breach of contract. Travelers, 348 Ga. App. at 141-142 (2). We granted SRM's petition for certiorari to consider whether the Court of Appeals correctly determined that a plaintiff-in-counterclaim asserting a compulsory counterclaim is precluded from seeking an award for the expenses of litigation under OCGA § 13-6-11.[1]

_____

[1] No party sought certiorari regarding the other portions of the Court of

2. In *Byers*, we relied on a Court of Appeals decision, *Sanders v. Brown*, 257 Ga. App. 566 (571 SE2d 532) (2002), in holding that "a plaintiff-in-counterclaim cannot recover attorney's fees under OCGA § 13-6-11 unless he asserts a counterclaim which is an independent claim that arose separately from or after the plaintiff's claim."[2] 285 Ga. at 540 (6). That is, attorney fees could only be sought under OCGA § 13-6-11 where a plaintiff-in-counterclaim was asserting a permissive, as opposed to a compulsory, counterclaim.[3] However, we now conclude that *Sanders*, and by extension, *Byers*,

---

Appeals opinion, so those parts of the Court of Appeals judgment are not affected by our decision.

[2] This holding was repeated in a footnote in *Sponsler*, 287 Ga. at 728 (2) n.2, where we held that the trial court did not abuse its discretion in denying attorney fees to the husband and noted that, to the extent the husband argued that he was entitled to attorney fees under OCGA § 13-6-11, his argument was meritless.

[3] A "permissive" counterclaim is "any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim." OCGA § 9-11-13 (b). By contrast, a "compulsory" counterclaim is "any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." OCGA § 9-11-13 (a).

were incorrectly decided on these points.

The general rule is that "an award of attorney fees and expenses of litigation are not available to a prevailing party unless authorized by statute or contract." *Cary v. Guiragossian*, 270 Ga. 192, 195 (4) (508 SE2d 403) (1998). To that end, OCGA § 13-6-11 allows for attorney fees and litigation expenses "where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense[.]"[4]

When a defendant files a claim independent from the initiating plaintiff's claim, the defendant becomes a plaintiff for the purposes of that counterclaim; that is, he is a plaintiff-in-counterclaim. See *Beall v. F. H. H. Constr., Inc.*, 193 Ga. App. 544, 546 (4) (388 SE2d 342) (1989) (defendant "was, in effect, a plaintiff in the independent counterclaim"). In order for a plaintiff-in-counterclaim to assert a claim for attorney fees and litigation expenses under OCGA § 13-6-

[4] While OCGA § 13-6-11 appears in the contracts section of our Code, it is also available to litigants in cases that do not involve contract actions. See *Vogtle v. Coleman*, 259 Ga. 115, 117 (3) n.2 (376 SE2d 861) (1989).

11, that party must also have another claim that is separate, or free-standing, from the OCGA § 13-6-11 claim. See *Steele v. Russell*, 262 Ga. 651, 651 (2) (424 SE2d 272) (1993) (damages under OCGA § 13-6-11 "are available to a defendant only where the defendant has brought a counterclaim asserting a claim for relief wholly independent of any assertion as to plaintiff's bad faith, litigiousness, and/or harassment in bringing the underlying action"). See also *Beall*, 193 Ga. App. at 546 (4) (defendant who was sued by plaintiff construction company for alleged overpayments, slander of title, and removal of a lien on his property in connection with a building contract "was, in effect, a plaintiff in the independent counterclaim for [the construction company's] breach of contract" and thus could recover expenses of litigation under OCGA § 13-6-11 (citation and punctuation omitted)); *Glenn v. Fourteen West Realty, Inc.*, 169 Ga. App. 549, 551 (2) (313 SE2d 730) (1984) (in plaintiff homebuyer's suit against realtor for fraudulent inducement, realtor's counterclaim for real estate commissions was an "independent counterclaim" and thus realtor could recover expenses of litigation

under OCGA § 13-6-11); *Ballenger Corp. v. Dresco Mechanical Contractors, Inc.*, 156 Ga. App. 425, 432 (III) (A) (1) (274 SE2d 786) (1980) (defendant brought counterclaims in addition to its claim for attorney fees and therefore was not barred from seeking expenses of litigation); *Homac, Inc. v. Fort Wayne Mtg. Co.*, 577 FSupp. 1065, 1072 (III) (N.D. Ga. 1983) (defendant permitted to seek recovery under OCGA § 13-6-11 where it asserted counterclaim for conversion). A plaintiff-in-counterclaim cannot recover under OCGA § 13-6-11 unless he prevails on his independent claim. See *Hamil v. Stanford*, 264 Ga. 801, 802 (3) (449 SE2d 118) (1994). See also *Gibson v. Southern Gen. Ins. Co.*, 199 Ga. App. 776, 777 (1) (406 SE2d 121) (1991); *Fla. Rock Indus., Inc. v. Smith*, 163 Ga. App. 361, 363 (3) (294 SE2d 553) (1982). Thus, a dismissal or loss at trial on an independent claim would mean a loss on a claim under OCGA § 13-6-11, as well. See *Alcovy Props., Inc. v. MTW Inv., Co.*, 212 Ga. App. 102, 104 (5) (441 SE2d 288) (1994) (OCGA § 13-6-11 claim could not survive independent of dismissal of defendant's other counterclaims), overruled on other grounds by *Coen v. Aptean, Inc.*,

307 Ga. ___, (838 SE2d 860) (2020); *White v. Lance H. Herndon, Inc.*, 203 Ga. App. 580, 581 (4) (417 SE2d 383) (1992) (OCGA § 13-6-11 claim could not proceed independently following loss on all other claims). Stated differently, claims under OCGA § 13-6-11 must always travel with a viable and distinct (i.e., "independent") cause of action.

However, in *Sanders*, the Court of Appeals appeared to equate "independent" with permissive when it held that a plaintiff-in-counterclaim cannot recover under OCGA § 13-6-11 "where there is a compulsory counterclaim." 257 Ga. App. at 570 (c). We see no basis in the text of the statute or otherwise for such an equation.

As a preliminary matter, none of the cases relied on by the Court of Appeals in *Sanders* stands for the proposition for which they were cited, namely that a plaintiff-in-counterclaim cannot recover under OCGA § 13-6-11 when he asserts a compulsory counterclaim. See *Alcovy*, 212 Ga. App. at 104 (5), *White*, 203 Ga. App. at 581 (4), and *Vogtle v. Coleman*, 259 Ga. 115 (376 SE2d 861) (1989). First, in *Alcovy*, the plaintiff filed a complaint and notice of

lis pendens seeking the cancellation of deeds conveying real property to the defendant, and the defendant asserted numerous counterclaims in response. See 212 Ga. App. at 102. However, all of the defendant's counterclaims were dismissed. On appeal, the defendant argued that the trial court erred in dismissing its claim for litigation expenses. The Court of Appeals rightly disagreed, holding that because the defendant "made no showing that it asserted a viable counterclaim for relief independent of its claim of [the plaintiff's] stubborn litigiousness and bad faith, expenses of litigation pursuant to OCGA § 13-6-11" were not available to the defendant. 212 Ga. App. at 104 (5). Thus, *Alcovy* did not address whether a compulsory counterclaim constitutes an "independent" claim for the purposes of OCGA § 13-6-11. Instead, it merely affirmed the requirement of a viable independent claim.

In *White*, a business sued one of its independent contractors for breach of contract when the contractor terminated the parties' agreement and then provided services to a competitor in violation of that agreement. See 203 Ga. App. at 580. The defendant

counterclaimed, and the trial court granted the plaintiff's motion for directed verdict on that counterclaim, which the defendant did not appeal. See id. Nonetheless, the defendant argued on appeal that the trial court erred "in refusing to submit to the jury the issue of his entitlement to attorney[ ] fees and expenses of litigation pursuant to OCGA § 13-6-11." Id. at 581 (4). The Court of Appeals determined that OCGA § 13-6-11 attorney fees and litigation expenses were not available to the defendant "in the absence of a viable independent counterclaim asserting a claim for relief independent of the assertion of the plaintiff's harassment, litigiousness and bad faith in bringing suit." (Citation and punctuation omitted.) Id. Thus, like *Alcovy*, *White* did not address whether a compulsory counterclaim constitutes an "independent" claim for purposes of OCGA § 13-6-11.

Finally, this Court's decision in *Vogtle* does not stand for the proposition that a claim must arise separately from or after the plaintiff's complaint (that is, that it must be a permissive, rather than compulsory, counterclaim) in order to constitute an

independent claim for purposes of an OCGA § 13-6-11 claim. In *Vogtle*, this Court considered when a defendant could recover attorney fees in connection with a claim for malicious use of legal process and explained that under *Ballenger*, "a defendant could not counterclaim against a plaintiff for bad faith and attorney fees under OCGA § 13-6-11 merely for bringing the suit, except as a plaintiff-in-counterclaim where the counterclaim was on an independent ground." Id. at 117 (3). Thus, much like the Court of Appeals in *Alcovy* and *White*, we never reached the question in *Vogtle* as to whether only permissive counterclaims could give rise to a recovery under OCGA § 13-6-11. Therefore, neither the text of the statute nor the opinions cited in *Sanders* support its holding.

Moreover, in deciding *Byers*, this Court relied solely on *Sanders* in holding that "a plaintiff-in-counterclaim cannot recover attorney's fees under OCGA § 13-6-11 unless he asserts a counterclaim which is an independent claim that arose separately from or after the plaintiff's claim." 285 Ga. at 540 (6). This Court further noted in *Byers* that even if the counterclaim could be considered independent,

the plaintiff-in-counterclaim would not be able to recover under OCGA § 13-6-11 because it had prevailed on only part of its counterclaim, and the plaintiff-in-counterclaim had failed to set forth any facts showing that the other party had been stubbornly litigious. See id. Further, in *Byers* and *Sanders*, neither this Court nor the Court of Appeals acknowledged *Ballenger*, which held only that in order to seek attorney fees under OCGA § 13-6-11, the plaintiff-in-counterclaim also needed to assert a separate, independent claim in addition to the OCGA § 13-6-11 request, not that the counterclaim had to be permissive rather than compulsory.

3. *Sanders'* holding was erroneous, and this Court's reliance on it in deciding *Byers* was misplaced. But because *Byers* is precedent, we must decide whether the doctrine of stare decisis nevertheless counsels against overruling it.

> Under the doctrine of stare decisis, courts generally stand by their prior decisions, because it promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process. Stare decisis, however, is not an inexorable command . . . . In reconsidering our prior

decisions, we must balance the importance of having the question *decided* against the importance of having it *decided right*. To that end, we have developed a test that considers the age of the precedent, the reliance interests at stake, the workability of the decision, and, most importantly, the soundness of its reasoning.

(Citations and punctuation omitted; emphasis in original.) *Olevik v. State*, 302 Ga. 228, 244-245 (2) (c) (iv) (806 SE2d 505) (2017).

The unsoundness of *Byers'* reasoning weighs strongly in favor of discarding its holding, as it finds no support in either statutory text or reasoned precedent. Rather, it relies solely on *Sanders*, which, as we have explained above, was wrongly decided. Nothing in the text of OCGA § 13-6-11 suggests that awards of fees and expenses are limited to permissive counterclaims. Nor as a practical matter is a distinction between permissive and compulsory counterclaims always a workable distinction in this context, as there is a fine line, often difficult for courts to discern, between permissive and compulsory counterclaims. See, e.g., Douglas D. McFarland, In Search of the Transaction or Occurrence: Counterclaims, 40 CRLR 699, 708-728 (III) (2007) (noting, in the similar context of Federal

Rule of Civil Procedure 13, the struggles courts have in interpreting when a claim arises out of the same "transaction or occurrence"). Indeed, the *Byers* holding creates perverse incentives and endorses "a 'race to the courthouse' theory of recovery," which arbitrarily awards a possible avenue for recovery to the winner of such a race while denying that same option to the other party that is similarly asserting independent claims for recovery. See *Ballenger*, 156 Ga. App. at 431 (III) (A) (1). Such a "rigid rule preventing any defendant from recovering litigation expenses works particular inequity when a defendant . . . is required by law to file a compulsory counterclaim or be deemed to have waived the claim altogether." Id. at 432 (III) (A) (1). Each of these considerations weighs in favor of discarding *Byers*.

Finally, the holding in *Byers* has not been deeply embedded in Georgia law. The case is only 11 years old; we have overruled incorrectly decided cases much older than that. See, e.g., *Woodard v. State*, 296 Ga. 803, 808-814 (3) (771 SE2d 362) (2015) (overruling 24-year-old interpretation of justification statute); *State v. Jackson*,

287 Ga. 646, 659-660 (5), (6) (697 SE2d 757) (2010) (overruling nearly 29-year-old interpretation of felony murder statute). This Court has followed the problematic portion of *Byers* only once, in a footnote in *Sponsler*, 287 Ga. at 728 (2) n.2, and the Court of Appeals has followed *Byers* only six times.[5]

Further, our precedent on this point affects no property issues, establishes no substantive rights, and does not involve any other reliance interests typically recognized in the stare decisis analysis. See *Nalls v. State*, 304 Ga. 168, 180 (3) (b) (815 SE2d 38) (2018). Nor does it change the substantive rights of parties entering into a contract; rather, at most, it affects the scope of available remedies and the procedural posture in which these remedies may be sought. Cf. *Savage v. State of Ga.*, 297 Ga. 627, 641-642 (5) (b) (774 SE2d

---

[5] See *Vickery Falls, LLC v. ASIH, LLC*, 354 Ga. App. ___, ___ (1) n.4 (__ SE2d __) (2020); *HA&W Capital Partners, LLC v. Bhandari*, 346 Ga. App. 598, 609-610 (3) (b) (816 SE2d 804) (2018); *Graybill v. Attaway Constr. & Assoc., LLC*, 341 Ga. App. 805, 810-811 (2) (a) (802 SE2d 91) (2017); *Cronan v. JP Morgan Chase Bank, N.A.*, 336 Ga. App. 201, 204 (2) (784 SE2d 57) (2016); *Singh v. Sterling United, Inc.*, 326 Ga. App. 504, 512-513 (4) (756 SE2d 728) (2014); *Sugarloaf Mills Ltd. Partnership of Ga. v. Record Town, Inc.*, 306 Ga. App. 263, 266-267 (2) (701 SE2d 881) (2010).

624) (2015) (explaining that overruling the line of precedent at issue would undermine the validity of countless intergovernmental contracts). To the extent a party who has acted in bad faith, been stubbornly litigious, or caused the other party unnecessary trouble and expense has relied upon *Byers* in racing to the courthouse to file its claims first so as to cut off the ability of the counter-party it has mistreated to seek relief under OCGA § 13-6-11, this is not the sort of reliance interest we have recognized as being worthy of protection. We therefore overrule *Byers*, *Sponsler*, and the cases of the Court of Appeals cited in footnote 5,[6] in addition to *Sanders*, to the extent they have held that a plaintiff-in-counterclaim cannot seek attorney fees under OCGA § 13-6-11 for a compulsory counterclaim.

4. With *Byers* set aside, and given our determination in Division 2, it is clear that SRM was entitled to seek attorney fees under OCGA § 13-6-11, as it asserted independent claims for breach

---

[6] We also disapprove of *Maree v. ROMAR Joint Venture*, 329 Ga. App. 282, 297 (6) (d) n.18 (763 SE2d 899) (2014); and *Murtagh v. Emory Univ.*, 321 Ga. App. 411, 417 (3) (b) (741 SE2d 212) (2013), to the extent those cases follow the rule set forth in *Sanders* and its progeny.

of contract and breach of the duty of good faith on which it prevailed at trial.  Accordingly, the Court of Appeals erred in reversing the verdict against Travelers on SRM's counterclaim for attorney fees; we therefore reverse Division 2 of the Court of Appeals decision.

*Judgment reversed in part.  Melton, C. J., Nahmias, P. J., and Blackwell, Boggs, Peterson, Warren, and Ellington, JJ. concur.*

DECIDED APRIL 6, 2020.
Certiorari to the Court of Appeals of Georgia — 348 Ga. App. 136.
*Schoenthaler Law Group, Peter F. Schoenthaler, Neill K. Wright, Ann R. Emery, Josephine E. Graddy*, for appellant.
*Savell & Williams, William E. Turnipseed, David M. Gram*, for appellee.