**THIRD DIVISION**
**DOYLE, P. J.,**
**MARKLE and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**January 7, 2026**

# In the Court of Appeals of Georgia

A25A1871. LOGANVILLE PEDIATRICS AND ADOLESCENT
CARE ASSOCIATES CORPORATION v. VMM, LLC.

PADGETT, Judge.

In this dispossessory action, defendant Loganville Pediatrics and Adolescent Care Associates Corporation ("Loganville Pediatrics") seeks to appeal the superior court's orders granting plaintiff VMM, LLC injunctive relief, denying Loganville Pediatrics' motion to add indispensable parties, and appointing a special master. Because Loganville Pediatrics failed to follow the requirement of OCGA § 44-7-56 that an appeal be filed within seven days after the entry of judgment, we lack jurisdiction to consider this untimely appeal, which we must dismiss.

The record shows that since at least 2015, Loganville Pediatrics has leased an office building owned by VMM to operate its medical practice, paying VMM $13,000

per month in rent.[1] When Loganville Pediatrics ceased making rent payments in 2023, VMM initiated a dispossessory proceeding in state court against Loganville Pediatrics, seeking possession of the premises, past due rent, accruing rent through final judgment or vacancy, and assorted costs and fees. Loganville Pediatrics answered and counterclaimed for breach of fiduciary duty, declaratory judgment, equitable accounting through appointment of a receiver, and specific performance of a buy-sell agreement. Loganville Pediatrics also filed numerous motions, including motions to add indispensable parties and to transfer the case to superior court. Over VMM's objection, the state court granted the motion to transfer, determining that it lacked jurisdiction over Loganville Pediatrics' equitable claims.

In December 2023, on VMM's motion, the superior court ordered Loganville Pediatrics to pay accruing rent into the registry of the court on a monthly basis, pursuant to OCGA § 44-7-54. Two months later, VMM filed a motion for a writ of possession, claiming that Loganville Pediatrics had not made one of its required

---

[1] Loganville Pediatrics contends that the lease is between the individual stakeholder physicians of the medical practice — Dr. Vicki Morgan as landlord and tenant, and Drs. Marie Baudean and Michael Tim as tenants.

monthly rent payments. Because Loganville Pediatrics made the outstanding rent payment shortly after VMM filed its motion, the superior court denied the motion.

In February 2025, upon learning of Loganville Pediatrics' pending sale of its medical practice, VMM filed an emergency motion for a temporary restraining order and interlocutory injunction, seeking to enjoin Loganville Pediatrics from distributing the proceeds from the sale until Loganville Pediatrics satisfied its alleged debts to VMM. At the same time, VMM filed an amended complaint setting forth additional claims for breach of contract, injunctive relief, prejudgment interest, and attorney fees and expenses of litigation.

Following a hearing, the superior court granted VMM's motion for interlocutory injunction on March 10, 2025, ordering the sale proceeds, other than closings costs, to be held in an interest-bearing bank account until further order by the court. Two days later, the court entered an order denying Loganville Pediatrics' motion to add indispensable parties.

On April 9, 2025, Loganville Pediatrics filed a notice of appeal in the superior court seeking to challenge the March 10 and 12 orders. The same day, Loganville Pediatrics filed an application for discretionary appeal in this Court. Based on the

sparse application materials, which did not include a copy of the initial dispossessory complaint or most of the motions and responsive pleadings in the proceedings below, we granted the application pursuant to OCGA § 5-6-34(a)(4) (generally permitting a direct appeal from an order granting a motion for an interlocutory injunction). See Case No. A25D0342 (Apr. 25, 2025). In the meantime, the superior court entered an order appointing a special master on April 18, 2025, and Loganville Pediatrics filed an amended notice of appeal from that order on May 5. With the benefit of a more complete record, we now conclude that the discretionary application and Loganville Pediatrics' original notice of appeal were both untimely under OCGA § 44-7-56, the application for appeal thus was improvidently granted, and we lack jurisdiction to consider this appeal.

"It is incumbent upon this court to inquire into its own jurisdiction." *Stubbs v. Local Homes, LLC*, 375 Ga. App. 513, 513 (915 SE2d 91) (2025) (citation and punctuation omitted). "[I]f this Court finds that it has no jurisdiction over an appeal, it has the authority to dismiss the appeal on its own motion." *Radio Sandy Springs, Inc. v. Allen Road Joint Venture*, 311 Ga. App. 334, 335 (715 SE2d 752) (2011) (citation and punctuation omitted).

In determining the appropriate appellate procedure, "the underlying subject matter generally controls over the relief sought." *Ray M. Wright, Inc. v. Jones*, 239 Ga. App. 521, 522 (521 SE2d 456) (1999) (citation and punctuation omitted). While a notice of appeal must ordinarily be filed within thirty days of entry of judgment or trial court order sought to be appealed, see OCGA § 5-6-38(a), dispossessory proceedings, on the other hand, require an appeal of "[a]ny judgment" to be filed within seven days after the date such judgment was entered. OCGA § 44-7-56. Accordingly, where "the action beg[ins] and continue[s] as a dispossessory action," an appeal from any judgment in the proceeding must be filed within seven days. *Radio Sandy Springs*, 311 Ga. App. at 335.

Still, we have recognized that a case initially filed as a dispossessory action may not retain its character as a dispossessory proceeding, in which case the appellant would not be subject to the shortened deadline for dispossessory actions. For instance, in *America Net, Inc. v. U. S. Cover, Inc.*, 243 Ga. App. 204 (532 SE2d 756) (2000), overruled in part on other grounds by *Smith v. Bell*, 346 Ga. App. 152, 156 (816 SE2d 698) (2018), we concluded that the seven-day limit did not apply where, after the landlord filed a dispossessory action in magistrate court, the tenant surrendered the

premises *and* the parties agreed to transfer the remaining contractual dispute to state court. *Am. Net*, 243 Ga. App. at 204–05 (1). See also *Singh v. Sterling United, Inc.*, 326 Ga. App. 504, 507 (1) (756 SE2d 728) (2014) (holding that landlord was not required to file a notice of appeal within seven days of final judgment where, after the dispossessory case was transferred from magistrate court to superior court, the landlord filed an amended complaint, dismissed his dispossessory claim, and the case pressed on without reliance on the dispossessory statutes), overruled in part on other grounds by *SRM Group, Inc. v. Travelers Prop. Cas. Co. of Am.*, 308 Ga. 404, 410 (3), n. 5 (841 SE2d 729) (2020). We have noted, however, that apart from the "narrow circumstances" depicted in *America Net*, "once an action was filed as a dispossessory action, it would always retain that character regardless of the issues in dispute or the wishes of the parties." *Radio Sandy Springs*, 311 Ga. App. at 336 (citation and punctuation omitted).

Here, based on the record before us,[2] we find that the "narrow circumstances" present in *America Net* or, for that matter, in *Singh*, are not present in this case. VMM did not abandon its dispossessory claim in its amended complaint, nor did it stipulate to transfer the dispossessory case from state court to superior court. During the course of the litigation, Loganville Pediatrics has made monthly rent payments into the registry of the court, and that money has been released to VMM in accordance with OCGA § 44-7-54. And the issue of past due rent, which was sought as part of the initial dispossessory proceeding, remains in dispute. See *Wright*, 239 Ga. App. at 523 (dismissing appeal filed more than seven days after entry of judgment where the action began as and remained a dispossessory proceeding and the party continued to rely upon the provisions of the dispossessory statutes throughout the litigation); *Yanes v. Escobar*, 362 Ga. App. 896, 898 (870 SE2d 506) (2022) (holding that party's notice of appeal, filed 29 days after entry of trial court order denying motion for injunctive

---

[2] According to VMM, the parties terminated their lease at some point after the superior court entered its March 2025 orders. VMM filed a motion to supplement the record with, among other things, a copy of the termination of lease agreement, which we denied. Yet, even if possession of the premises was no longer an issue, our analysis would remain unchanged. See *Radio Sandy Springs*, 311 Ga. App. at 335 (although the issue of possession had been resolved, the notice of appeal from the trial court's order awarding past due rent was required to be filed within seven days because the case retained its character as a dispossessory action).

7

relief, was untimely in a dispossessory case). Consequently, because this case began and has retained its character as a dispossessory action, Loganville Pediatrics was required to file its application for discretionary review or its notice of appeal within seven days of the orders it sought to appeal. See *Stubbs*, 375 Ga. App. at 516. See also *Radio Sandy Springs*, 311 Ga. App. at 336 ("The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court." (citation and punctuation omitted)). Loganville Pediatrics' failure to do so deprives us of jurisdiction over this appeal, which we dismiss as being improvidently granted.

*Appeal dismissed. Doyle, P. J., and Markle, J., concur.*